PETER MASTERSON and W. H. MASTERSON *vs.* GEORGE A. HOYT and THE MAYOR &c. of the City of New York.

A lease executed by the corporation of New York, to the purchaser, upon a sale of lands for assessments, is conclusive evidence that the sale was regularly made according to the provisions of the statute. This includes the *demand,* of the owner, or upon the premises, and other matters to be done to authorize the sale.

And this being so, a court of equity has jurisdiction to relieve the owner, whenever defects exist rendering the assessment illegal.

The owner cannot rely upon anything on the face of the lease to show its invalidity; but that must depend on oral testimony. He may therefore maintain an action to set aside the assessment, to cancel the lease, and for an injunction, on the ground that the assessment was illegal; that no demand was made of him, or upon the premises; that no warrant was issued for the collection of the assessment; and that the recitals in the lease are untrue.

No man should be required to have such a conveyance of his land put on record, and left there, to be *prima facie* evidence of the facts stated in it, and then to wait for the lessee to take measures to obtain possession under it, before he can be relieved from the injury he sustains by having it on the record. *Per* INGRAHAM, P. J.

APPEAL by the defendant Hoyt from an order made at a special term, overruling his demurrer to the complaint.

The complaint alleged that for many years prior to, and at the time of, his death, Peter Masterson, the father of the plaintiffs, was the owner in fee of the lot situated at the southwest corner of Seventh avenue and Fifty-fourth street, in the city of New York, with the building thereon erected and being. That shortly prior to the 16th day of September, 1853, the said Peter Masterson departed this life, in the city of New York, leaving him surviving the plaintiffs, his sons, with others. That said deceased left his certain last will and testament, which was duly and properly made and executed, and which was duly and properly proved on the 23d day of August, 1853, before Alexander W. Bradford, Esq., the surrogate of the city and county of New York. That the premises aforesaid became the joint property of the plaintiffs, under said last

Masterson *v.* Hoyt.

will and testament, upon the death of their father afore-
said, and since that time they have continued to be, and
still are, the absolute joint owners in fee of said premises.
That the name of said deceased appeared upon the tax
and assessment lists of property in the city of New York
as the owner of the premises aforesaid, and the same was
never changed since his death, and neither of the plaintiffs
have ever appeared on either of said lists as the owner or
owners thereof. The plaintiffs further showed that neither
of them ever resided upon, or occupied, nor did any mem-
ber of either of their families ever reside upon, or occupy,
any part of said premises, nor did said plaintiff Peter Mas-
terson reside in Fifty-fourth street in said city since long
before the year 1853. That no printed, written or other
notice was ever served in any manner upon either of
them, or upon any member of either of their families, or
upon any occupant of said premises, affecting the prem-
ises aforesaid, either that there remained any unpaid tax
or assessment thereof, or requiring payment of any such,
or that said premises had been sold, or would be sold.
That said premises were sold on the 24th day of October,
1862, by the mayor, aldermen and commonalty of the city
of New York, to satisfy an alleged assessment for local
improvements, for building a sewer in Fifty-fourth street
aforesaid. That in the proceedings relative to the said
assessment, and in the proceedings to collect the same,
both frauds and legal irregularities have been committed.
That the following are among other frauds and legal irregu-
larities committed in respect to the assessment for build-
ing said sewer. The premises aforesaid were wrongly
stated to be the property of said deceased, whereas it was
the property of the plaintiffs; and that no ordinance was
legally made authorizing the building of said sewer; and
in respect to the assessments therefor, and the proceedings
to collect them, many essential forms were omitted; and
said assessment was never confirmed, although it is pre-

tended it was. That no warrant, or other writ or precept, was ever issued, or authorized to be issued, to collect such assessment, and no demand for payment of the assessment upon the premises aforesaid, for the purpose aforesaid, was ever made upon the plaintiffs, or either of them, or upon said premises, or in any other legal manner, and the plaintiffs averred that since the year 1857 they have each been possessed of sufficient leviable personal property and effects to have satisfied said assessment, and all costs and disbursements thereon accrued. That upon the said sale the property was bid in by the said mayor, aldermen and commonalty for the term of one thousand years, and a certificate thereof was thereupon made and delivered to them, which certificate recites all the necessary statutory facts as required by law, and they shortly afterwards assigned the certificate and bid to the defendant George A. Hoyt, who caused said certificate to be filed in the office of the comptroller of the city and county of New York, and said Hoyt thereafter, and before the commencement of this action, received a lease therefor pursuant to said bid and certificate, and prior thereto said Hoyt was informed of the aforesaid defects and legal irregularities. And the plaintiffs averred that said certificate and lease recite the necessary legal requisites, but which are in fact untrue, and that said certificate and lease are clouds upon the title of the plaintiffs to said premises. That some months prior to the commencement of this action the plaintiffs tendered to said defendant George A. Hoyt the amount of the assessment upon the premises aforesaid, with all the disbursements, and legal interest thereon, and demanded an assignment of said bid, or an assignment or revocation of said lease, but said Hoyt refused so to do, or receive said sum, unless he received in addition thereto forty-two per cent interest and a bonus. That said bid, certificate, and said lease, are clouds upon, and affect the title of the plaintiffs to said premises, and diminish

the value thereof, and prevent a sale thereof, and said defendant Hoyt, under said bid, certificate and lease, has attempted and threatens to take possession of said premises, and has notified the plaintiffs' tenants therein to pay him the rent due and to grow due, and not pay the plaintiffs, as they had always done before, and such interference is detrimental and damaging to the plaintiffs in their enjoyment of said premises. That said defendant Hoyt threatens to obtain another or new lease upon said premises from the said mayor, aldermen and commonalty upon said bid, to the great injury and irreparable damage of the plaintiffs. That in equity and good conscience such assessment, bid, and lease upon said premises should be annulled, discharged and revoked, and said defendants should be restrained and forbidden, the one from giving and the other from receiving any instrument, or doing any act or thing, which would or might affect the plaintiffs' title to said premises, or interfere with their full and free enjoyment thereof. Wherefore the plaintiffs prayed judgment as follows: 1st. That said defendants, and all others acting in aid or assistance of them, or either of them, be restrained by injunction from any interference with the premises aforesaid, and be restrained from making or causing any instrument to be made, and doing or causing any act to be done which would in any manner affect the title of the plaintiffs in and to said premises. 2d. That the said bid and lease be wholly canceled, revoked, annulled and discharged, and that the said mayor, aldermen and commonalty be restrained from giving any new or other lease or instrument upon said bid, and from selling said premises, or exposing or offering the same for sale to satisfy such alleged assessment, and that said defendant George A. Hoyt be restrained from receiving any lease or other instrument upon said bid, and from bidding or causing any bid to be made at any sale of said premises to satisfy said assessment. 3d. That said assessment, and all

proceedings to collect the same, be declared void and set aside, and that the plaintiffs have such other and further relief as the circumstances of this case might require, and that the defendants pay the costs of this action.

The defendant Hoyt alone appeared, and demurred to the complaint, upon the ground that sufficient facts were not stated to constitute a cause of action. Also because several causes of action were improperly united, viz., that a cause of action to remove a cloud upon the plaintiff's title was united with a cause of action for an adverse claim. The latter ground was waived, and not insisted upon, on the argument.

Judgment was given for the plaintiffs, with costs.

*John Townshend,* for the appellant. I. To maintain a title under a sale for taxes or assessments, the lessee must prove a due compliance with every requisite of the statute; amongst other things, a legal assessment, due confirmation of it, a warrant to collect the same, two several demands of the persons liable to pay, notice of sale, notice to redeem, &c. (*Tallman* v. *White,* 2 *Comst.* 70. *Leggett* v. *Rogers,* 9 *Barb.* 411. *Curtiss* v. *Follett,* 15 *id.* 343.)

II. The lease is not evidence of the power to sell; it is evidence only of the regularity of the act of selling. (*Beekman* v. *Bigham,* 1 *Seld.* 366. *Dike* v. *Lewis,* 2 *Barb.* 344. *Doughty* v. *Hope,* 1 *Comst.* 79. *Striker* v. *Kelly,* 2 *Denio,* 323. *Staples* v. *Fairchild,* 3 *Comst.* 41. *Van Alstyne* v. *Erwine,* 1 *Kern.* 331.)

III. The recitals in the lease are not evidence of compliance with the statute. (*Varick* v. *Tallman,* 2 *Barb.* 117. *Beekman* v. *Bigham,* 1 *Seld.* 366.)

IV. In Brooklyn, by special statutory enactment, the recitals in a certificate on a sale for taxes, &c., are evidence of the facts recited. (*Laws of* 1834, *p.* 108, § 45.) The case of *Scott* v. *Onderdonk,* (14 *N. Y. Rep.* 14,) was decided solely

Masterson *v.* Hoyt.

on this statute. But for this statute the decision would have been the reverse of what it was.

V. In an action of ejectment the defendant may set up any and every defense he may have to the plaintiff's recovery. In ejectment by the now defendant Hoyt, it might be shown that his lease was invalid. (*Crary* v. *Goodman*, 2 *Kern.* 266. *Chase* v. *Peck*, 21 *N. Y. Rep.* 581, 586.)

VI. As the now defendant Hoyt could not enforce his lease, unless he shows due compliance with the statutory requirements, and as the plaintiffs allege that those requirements have not been fulfilled, it follows that the lease alleged to be held by the defendant Hoyt is void, and cannot be a cloud on the plaintiff's title of a character entitling him to come into court and ask relief against it. (*Scott* v. *Onderdonk*, 14 *N. Y. Rep.* 14. *Allen* v. *City of Buffalo*, 39 *id.* 386. *Hatch* v. *City of Buffalo*, 7 *Trans. Ap.* 265. *Bouton* v. *City of Brooklyn*, 15 *Barb.* 395. *Crooke* v. *Andrews*, 40 *N. Y. Rep.* 547. *Cox* v. *Clift*, 2 *Comst.* 122.)

VII. The case relied upon by the respondent is that of *Matthews* v. *The Mayor*, (14 *Abb. Pr.* 209,) said to have been affirmed at general term. It is obvious, from the report of the case at special term, that the decision was based on the erroneous supposition that the lease was evidence of the power to sell. It is submitted that this case is distinguishable from *Matthews* v. *The Mayor*, because in this case the lease has been given, and the whole proceeding is complete. The case of *Johnson* v. *Stevens* (13 *How.* 132) was also founded on the Brooklyn statute, and does not apply to this case.

VIII. The action cannot be maintained as one for relief against the assessment. (*Heywood* v. *City of Buffalo*, 14 *N. Y. Rep.* 534.)

*A. H. Reavy*, for the respondents. I. The plaintiffs' premises were sold by the corporation to satisfy an alleged unpaid assessment thereon; the property was bid in by

the corporation, and the certificate given thereon was assigned to Hoyt, who caused the same to be filed, and thereafter, with knowledge of the frauds and irregularities charged, he received a lease of said premises for the term of 1000 years, and under that lease he has attempted to obtain possession of said premises, and has interfered with the plaintiffs' right thereto. 1st. The corporation had the right to build the sewer for which the assessment accrued. (*Laws Relating to New York city,* 1 *Hoffman,* 595, § 1.) 2d. The corporation is empowered to pay the expense of such work, and the same is then a real incumbrance upon the land, and shall have the same effect as though a mortgage were executed. (*Id. p.* 598, § 7.) 3d. When the assessment is confirmed it is binding and conclusive upon the owners and occupants, and is a lien or charge on the premises. (*Id. p.* 602, § 21.) 4th. The lease given upon a sale for an unpaid assessment shall be absolute; and the occupant and all other persons interested in the land shall be barred of all right and title thereto during the term of years therein mentioned. (*Id. p.* 564, § 184.) 5th. The corporation is authorized to bid in premises sold, and assign the certificate thereof. (*Id. pp.* 564, 565, §§ 187, 188.) 6. There being more than one owner, the assessment should have been apportioned among the plaintiffs. (*Id.* 569, § 206.)

II. If the statements contained in the complaint are commingled together, or the complaint be inartificially drawn, it is not demurrable for such reasons, and if the defendant desires to take advantage thereof, he can only do so by motion. (*Cheney* v. *Fisk,* 22 *How.* 236. *Fickett* v. *Brice, Id.* 194. *People* v. *Mayor &c.,* 28 *Barb.* 240. *Buzzard* v. *Knapp,* 12 *How.* 504. *Hillman* v. *Hillman,* 14 *id.* 456.)

III. Equity will interpose if it appear: 1st. That proceedings in a subordinate tribunal will necessarily lead to a multiplicity of suits. 2d. Where they lead, in their

Masterson *v.* Hoyt.

execution, to the commission of irreparable injury to the freehold. 3d. Where. the claim of the adverse party is valid upon the face of the instrument, or the proceedings sought to be set aside, and extrinsic facts are necessary to be proved in order to establish invalidity or illegality. (*Heywood* v. *City of Buffalo*, 14 *N. Y. Rep.* 534.) 4th. Where the document creates a cloud. (*See Scott* v. *Onderdonk*, *Id.* 16.)

IV. It is averred that notices were not given or served, nor any ordinance made or confirmed, nor was the property assessed to the plaintiffs as owners, nor any warrant &c. issued to collect the assessment; and these facts can only be established by proof *aliunde*, as it appears from the complaint that the ordinance was duly confirmed, and that the sale was legal, and the certificate and lease recite all these facts, as required by law. Therefore the certificate and lease are legally valid upon their face, and are clouds upon the plaintiffs' title to the premises. (*Johnson* v. *Stevens*, 13 *How.* 132. *Matthews* v. *Mayor &c.*, 14 *Abb. Rep.* 211.)

V. It is insisted that the certificate and lease create a cloud, and that equity will not compel the plaintiffs to take the hazard of the loss of their evidence by waiting until Hoyt volunteers to proceed under his lease; but while it is attainable, they have the right to call him into court at once and have the cloud removed. (*Scott* v. *Onderdonk*, 14 *N. Y. Rep.* 16.)

VI. To have sustained the demurrer in this case would in effect tend to deny the plaintiffs the equity they are entitled to, and cause irreparable damage by permitting their title to be clouded without any wrong on their part, and sanction the unfairness of Hoyt, who had knowledge of the irregularities before he received the lease, and who refused to accept the amount of the illegal assessment with interest and disbursements. His conduct is unconscionable, and by the demurrer, he admitting all the statements

contained in the plaintiffs' complaint, it should be liberally construed in the plaintiffs' favor.

VII. The complaint is sufficient, and contains facts establishing an equitable cause of action. (*Matthews* v. *The Mayor*, 14 *Abb.* 209. *Scott* v. *Onderdonk*, 14 *N. Y. Rep.* 9. *Heywood* v. *City of Buffalo*, 14 *id.* 541. *Johnson* v. *Stevens*, 13 *How.* 132.)

VIII. The lease is conclusive evidence of the regularity of the sale. (1 *R. S. p.* 969, § 69, 5*th ed.*) And no matter how irregular the proceedings may have been, they could not be assailed by the respondents in an action by Hoyt to recover the possession of the premises. (*Matthews* v. *The Mayor*, 14 *Abb.* 212.) This case was affirmed at the general term.

*By the Court,* INGRAHAM, P. J. The demurrer admits all that is alleged in the complaint; that the assessment was illegal; that no demand was made of the plaintiffs or upon the premises, and no warrant issued for the collection of the assessment; and that the recitals in the lease are untrue.

The only question is whether these defects can give a court of equity jurisdiction to relieve the plaintiffs; and that depends upon the question whether the lease, when executed, is conclusive evidence that the sale was regular, according to the provisions of the act. If it was, the plaintiffs were entitled to the relief sought. By the statute, (*Davies' Laws, p.* 600,) the lease is made conclusive evidence of the regularity of the sale, according to the provisions of the act.

Although there are some things which the lease would not be evidence of, it is evidence that the sale was regularly made. This, of course, includes the demand and other matters necessary to be done to authorize the sale.

The case of *Crooke* v. *Andrews*, (40 *N. Y. Rep.* 547,) although that was under the Brooklyn statute, is an author-

ity to sustain this judgment. The plaintiff could not rely on anything on the face of the lease to show its invalidity, but that must depend on oral testimony. No man should be required to have such a conveyance of his land put on record and left there, to be *prima facie* evidence of the facts stated in it, and then wait for the lessee to take measures to obtain possession under it, before he can be relieved from the injury he sustains by having such a conveyance on the record.

[NEW YORK GENERAL TERM, January 3, 1870. *Ingraham, Geo. G. Barnard* and *Brady*, Justices.]