## SUPREME COURT.

IN THE MATTER OF THE APPLICATION OF THE COMMISSIONERS OF THE CENTRAL PARK, for and in behalf of the Mayor, Aldermen and Commonalty of the City of New York, relative to the opening of certain new avenues, roads and public squares or places as laid out by the Commissioners of the Central Park, in the City of New York.

The proceedings in reference to improvements, under which the assessments and awards are made and imposed in regard to the Central Park are regulated entirely by statute.

It was clearly the intention of the legislature to make the *confirmation of the report* of the commissioners of estimate and assessment, final and conclusive in reference to their proceedings, as between the commonalty of New York and all persons whomsoever, in reference to the land taken and the estimate and assessment made and imposed.

All persons are thus advised, that being given the opportunity to be heard, they must appear and by objection, either to the commissioners of estimate and assessment, or submitted to this court, protect whatever rights are invaded or jeopardized. The applicant in this case, in moving to set aside the order confirming the report of the commissioners of estimate and assessment, does not seem to have presented any objection either to the commissioners or to the court.

Although the award was made to the applicant in the first instance, he could not be justified in relying upon the entry and the abstract of the report, as the object of the publication of notice would be defeated, if the abstract could not be altered; and it was the duty of the applicant to see, if he meant to rely upon it as originally prepared, that it was not at the instance of any subsequent claimant having even an apparent title, altered to his prejudice.

The alteration or correction may be made according to the statute. at any time before the report is presented to the court, after publication; and in this case the alteration appears to have been made at the proper time.

Although the report, having been confirmed, is final and conclusive in regard to the estimates and awards, it is not conclusive upon the rights of claimants *intersese.* The remedy in such case is by action against the person to whom the award was given, after payment thereof to him, by the person to whom of right the money paid belonged.

*Special Term, December,* 1870.

THIS was a motion made to set aside the order confirming the report of the commissioners of estimate and assessment

appointed for the opening of the Morningside Park, so far as it related to the five lots hereinafter mentioned, and which were taken for said park, and also for an order directing the said commissioners to make the awards for the said lots to Patrick Callaghan or unknown owners. The report of the commissioners was confirmed July 28th, 1870, and contained awards to Phineas H. Kingsland and Wesley Smith as the owners of five leases of the lots executed to them by the mayor, aldermen and commonalty of the city of New York, for the term of a thousand years, in pursuance of sales for unpaid taxes and assessments, and a nominal award of one dollar to Patrick Callaghan the owner of the fee.

It appeared that the award had first been made by the commissioners to Mr. Callaghan, and afterwards changed to unknown owners, and subsequently, when Mr. Kingsland and Mr. Smith presented their claims before them, they changed the award and made their report as above stated.

The report as first made, was examined by Mr. Callaghan and finding the award given to him, he went away to California, and he alleged that he had no notice that the awards had been changed.

It also appeared that a Mrs. Currie had in August, 1870, commenced an action of ejectment claiming that she was the owner in fee of three of the lots, in which action the mayor, aldermen, &c., Mr. Kingsland and Patrick Callaghan were made defendants.

T. J. GLOVER, *counsel for Mr. Callaghan.*
HENRY PARSONS, *counsel for Mr. Smith.*
ABRAHAM R. LAWRENCE, Jr., *counsel for Mr. Kingsland.*
DAVID J. DEAN, *for the mayor, aldermen, &c.*

BRADY, J.—The proceedings in reference to improvements under which the assessments and awards were made and imposed in regard to the Morningside Park, are regulated entirely by statute.

Matter of Commrs. of Central Park.

It is provided that when the report of the commissioners is presented to this court for confirmation, after hearing any matter which may be alleged against it, it is either to be confirmed or sent back to the commissioners for revisal or correction, or to new commissioners to be appointed by this court to reconsider the subject matter thereof.

And the commissioners to whom the report shall be so referred, shall return the same corrected and revised, or a new report to be made by them in the premises to this court, without unnecessary delay, and the same on being returned shall be confirmed or again referred back as right and justice shall require. And so from time to time, until a report shall be made or returned in the premises which this court shall confirm; but such report when so confirmed shall be final and conclusive, and the mayor, aldermen and commonalty shall become and be seized in fee of all the lands, tenements, and hereditaments in the report mentioned, (*Section* 178, *act of* 1813, *Valentine's Laws*, 1198.)

By the provisions of the act of 1862, *Laws*, 966, *Valentine's Laws*, 1252, it is the duty of the commissioners to deposit with the street commissioner an abstract of their estimate and assessments at least forty days before their report shall be presented for confirmation. It is also their duty to publish a notice for thirty days in two of the daily newspapers published in this city, stating the intention to present their report for confirmation to this court, at a time and place to be specified in the notice, in order that all persons interested in such proceedings, or in any of the lands affected thereby having objections thereto, shall file the same in writing with the said commissioners within thirty days after the first publication of such notice, and further, that they will hear such objections within the ten week days next after the expiration of the the thirty days during which publication is to be made.

After considering the objections, if any, and making any correction of their estimate or assessments which they shall

Matter of Commrs. of Central Park.

find to be just and proper, they shall present their report to the court at the time and place specified in the notice already referred to.

It thus appears that the proceedings are regulated by statute, as already suggested, and the power of this court defined.

The report may be sent back as often as this court may deem proper, before it is confirmed or new commissioners appointed—as often as may be deemed just—in order that the rights of all parties may be protected and a proper report obtained.

It is for the commissioners to make, however, the alterations or corrections in accordance with the principles laid down by this court for their guidance.

The court cannot make them directly, but if there be any doubt about this proposition, there is none in my judgment that the power if possessed, must be exercised before the report is confirmed.

When it is confirmed, the commissioners no longer exist. The advertisement of the intended presentation of the report of the commissioners and the right to present objections during a period of thirty days, which the commissioners must consider and act upon, are designed not only to give all persons interested in the lands affected, the opportunity to guard their interests by calling the attention of the court to the act or omission complained of, but to advise this court whether in the performance of their duties, the commissioners have acted illegally or oppressively, or have made a mistake, error or miscalculation to be shown by the objections presented.

These provisions are full and ample for the object in view, and from their comprehensive and conservative character, in the absence of any expression to the contrary, indicates very clearly that it was the intention of the legislature to make the confirmation of the report of the commissioners as they have declared it shall be, final and conclusive in reference to

their proceedings as between the commonalty of New York, and all persons whomsoever in reference to the land taken and the estimate and assessment made and imposed. All persons are thus advised that being given the opportunity to be heard, they must appear, and by objection either to the commissioners or submitted to this court, protect whatever rights are invaded or jeopardized.

The applicant does not seem to have presented any objection either to the commissioners or to the court.

It may be said that the award having been made to him in the first instance, he was justified in relying upon that entry, and the abstract of the report; but such a course of conduct was erroneous. The object of notice of publication would be defeated if the abstract could not be altered, and it was the duty of the applicant to see, if he meant to rely upon it as originally prepared, that it was not at the instance of any subsequent claimant having even an apparent title, altered to his prejudice.

The alteration or correction may be made according to the statute, (*supra*,) at any time before the report is presented to the court after publication, and in this case, the alteration appears to have been made at the proper time.

There is no evidence of its having been made subsequent to its presentation, although, however, the report having been confirmed, is final and conclusive as already stated, in regard to the estimates and awards, it is not conclusive upon the rights of claimants *intersese*. The act of 1813, (*supra*,) provides that an action may be brought against the person to whom the award was given, after payment thereof to him by the person to whom of right the money paid belonged, notwithstanding such report. This application must be denied, therefore, upon the ground that the confirmation of the report was final, conclusive, and the end of the proceeding. That the commissioners are *functus officio*, and that this court has not the power to alter the report or send it back to the commissioners for correction.

Matter of Commrs. of Central Park.

The applicant is not, however, without remedy. He can by action accomplish the object of this application, and by the interposition of the equity power of this court, successfully protect his rights, if it be as alleged that the lease executed by the city authorities on the sale for taxes was a nullity.

In the view thus presented of the question involved, it is not necessary to consider whether the commissioners were right in recognizing the lease presented and changing their award, but nevertheless, I think it was sufficient to justify them. (*Masterson* agt. *Hoyt*, 53 *Barb.*, 520.) Although, when there are adverse claimants, it is the proper and the better course to award to unknown owners.

Ordered in accordance with the conclusions stated.