Brady, J.
The proceedings in reference to improvements under which the assessments and awards *340 were made and imposed in regard to the Morning Side Park are regulated entirely by statute.
It is provided that when the report of the commissioners is presented to this court for confirmation, after hearing any matter which may be alleged against it, it is either to be confirmed or sent back to the commissioners for revisal or correction, or to new commissioners to be appointed by this court, to reconsider the subject matter thereof. And the commissioners to whom the report shall be so referred shall return the same corrected and revised, or a new report to be made by them in the premises, to this court, without unnecessary delay ; and the same, on being returned, shall be confirmed or again referred back as right and justice shall require ; and so from time to time, until a report shall be made or returned in the premises which this court shall confirm; but such report, when so confirmed, shall be final and conclusive, and the mayor, aldermen, and commonalty, shall become and be seized in fee of all the lands, tenements, and hereditaments in the report mentioned (§ 178, act of 1813, Valentine’s Laws, p. 1198).
By the provisions of the act of 1862 (Laws of 1862, p. 966 ; Val. Laws, 1232), it is the duty of the commissioners to deposit with the street commissioner an abstract of their estimate and assessment, at least forty days before their report shall be presented for confirmation. It is also their duty to publish a notice for thirty days in two of the daily newspapers published in this city, stating the intention to present their report for confirmation to this court at a time and place to be specified in the notice, in order that all persons interested in such proceedings, or in any of the lands affected thereby, having objection thereto, shall file the same in writing with the said commissioners within thirty days after the first publication of such notice ; and further, that they will hear such objections within the ten week days *341 next after the expiration of the thirty days during which publication is to be made.
After considering the objections, if any, and making any correction of their estimate or assessments which they shall find to be just and proper, they shall present their report to the court at the time and place . specified in the notice already referred to.
It thus appears that the proceedings are regulated by statute, as already suggested, and the power of this court defined.
The report may be sent back as often as this court may deem proper before it is confirmed or new commissioners appointed,—as often as may be deemed just, —in order that the rights of all parties maybe protected and a proper report obtained.
It is foi' the commissioners to make, however, the alterations or corrections, in accordance with the principles laid down by the court for their guidance.
The court cannot make them directly ; but if there be any doubt about this proposition, there is no doubt, in my judgment, that the power, if possessed, must be exercised before the report is confirmed.
When it is confirmed, the commissioners no longer exist. The advertisement of the intended presentation of the report of the commissioners and the right, during a period of thirty days, to present objections, which the commissioners must consider and act upon, are designed, not only to give all persons interested in the • lands affected the opportunity to guard their interests by calling the attention of the court to the act or omission complained of, but .also to advise this court whether, in the performance of their duties, the commissioners have acted illegally or oppressively, or have made a mistake, error or miscalculation, to be shown by the objections presented.
These provisions are full and ample for the object in view, and, by their comprehensive and conservative char *342 acter, and in the absence of any expression to the contrary, indicate very clearly that it was the intention of the legislature to make the confirmation of the report of the commissioners, as they have declared it shall be, final and conclusive in reference to their proceedings, as between the commonalty of New York and all persons whomsoever in reference to the land taken and the estimate and assessments made and imposed. All persons are thus advised, that, being given the opportunity to be heard, they must appear, and by objection, either to the commissioners or submitted to this court, protect whatever rights are invaded or jeopardized.
The applicant does not seem to have presented any objection either to the commissioners or to the court.
It may be said that the award having been made to him in the first instance, he was justified in relying upon that entry and the abstract of the report; but such a course of conduct was erroneous. The object of the publication of notice would be defeated if the abstract could not be altered, and it was the duty of the applicant to see, if he meant to rely upon it as originally prepared, that it was not, at the instance of any subsequent claimant having even an apparent title, altered to his prejudice.
The alteration or correction may be made according to the statute {supra), at any time before the report is presented to the court after publication, and in this case the alteration appears to have been made at the proper time.
There is no evidence of its having been made subsequent to its presentation. Although the report, having been confirmed, is final and conclusive, as already stated, in regard to the estimate and awards, it is not conclusive upon the rights of claimants inter sese. The act of 1813 {supra), provides that an action may be brought against the person to whom the award was given, after payment thereof to him by the person to *343 whom, of right-, the money paid belonged, notwithstanding snch report.
This application must be denied, therefore, upon the ground that the confirmation of the report was final, conclusive, and the end of the proceeding; that the commissioners are functi officio, and that this court has not the power to alter the report or send it back to the commissioners for correction.
The applicant is not, however, withoutremedy. He can by action accomplish the object of this application, and, by the interposition of the equity power of this court, successfully protect his rights, if it be true, as alleged, that the lease executed by the city authorities on the sale for taxes was a nullity.
In the view thus presented of the question involved, it is not necessary to consider whether the commissioners were right in recognizing the lease presented, and changing their award ; but, nevertheless, I think it was sufficient to justify them (Masterson v. Hoyt, 55 Barb., 520); although, when there are adverse claimants, it it is the proper and the better course to award to unknown owners.
Ordered in accordance with the conclusions stated.