[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 11 
The substance of the complaint is, that without having laid an assessment affecting the plaintiff's lots, the corporation proceeded to sell them as though they had been legally assessed; that the defendant Onderdonk became the purchaser at the sale, receiving a certificate of the purchase, and is seeking to consummate the transaction by obtaining a conveyance of the property from the corporation for a long term of years. Though it is improbable *Page 13 
that the sale was made without the pretence of a valid assessment, the defendants have chosen to put themselves upon the naked case that there was no assessment; and the question to be determined is whether, conceding such a state of things to exist, the plaintiff, before he has been actually disturbed, is entitled to maintain this action and to have a judgment arresting the proceeding and setting aside what has been done. Ordinarily a party must wait until his rights have been actually interfered with before he can implead another from whom he anticipates an injury. But there are several exceptions to this rule; and when the jurisdiction in law and equity was administered in different courts and by different forms of proceeding, it was a common case for a party to appeal to a court of equity for relief against an apprehended injury to be effected by his adversary by some acten pais or by some legal proceeding which he could not defend himself against upon the principles of the common law. This class of cases has been narrowed by the law abolishing the distinction between the two jurisdictions; and now, as a general rule, if the party claiming relief has a good defence, whether it be of a legal or equitable nature, and if he can only be divested of his rights by some suit in court instituted by his adversary, he must wait until he is thus challenged, when he will be in time to bring forward his defence. That there is a certain degree of inconvenience in this rule, in many cases which may be supposed, is admitted; but the evil would be much greater if every person who could show that what he claimed to be his rights was questioned by some other person, could call such person into court and compel him to disclaim or to litigate the matter in advance. Courts have commonly occupation enough in determining controversies which have become practical, without spending time in hearing discussions respecting such as are merely speculative or potential. The most prominent of the inconveniences referred to have *Page 14 
been remedied by legislation, or by the settled practice of the courts. Thus, a party claiming to be the owner of lands, may, after a certain length of possession on his part, compel the determination of the claim of any other person to the title of such land. (2 R.S., 312; Laws 1848, ch. 50; Code, § 449.) So of the cases to which the remedy by bill of interpleader formerly applied. Besides these cases, there is a principle of equity which remains in force notwitstanding the confusion of remedies, by which a person may in certain cases institute a suit to remove a claim which is a cloud upon the title to his property. (Hamilton v. Cummings, 1 John. C.R., 517;Story's Eq., § 700 and seq.) If, however, the claim is based upon a written instrument which is void upon its face, or which does not in its terms apply to the property it is claimed to affect, there seems to be no reason for entertaining a litigation respecting it, before it is attempted to be enforced; for the party apprehending danger has his defence always at hand. In such a case this court has determined that no action at the suit of the party apprehending injury will lie. (Cox v. Clift, 2Comst., 118.) The same reason applies to cases where the claim requires the existence of a series of facts or the performance of a succession of legal acts, and there is a defect as to one or more of the links. The party must in general wait until the pretended title is asserted. This principle is also very well settled by authority. (Van Doren v. The Mayor, c., ofNew-York, 9 Paige, 388; The Mayor, c., of Brooklyn v.Merserole, 26 Wend., 132.) In both these classes of cases the party whose estate is questioned may naturally wish to have the matter speedily determined, as he may in the mean time suffer inconveniences and even actual damage on account of the discredit attaching to his title by reason of the unfounded claim. But unless the circumstances are such as to sustain an action for slander of title, the law regards the injury too speculative to warrant its interference. I am not able therefore to concur in the views of the city *Page 15 
court of Brooklyn, contained in the opinion which has been laid before us, to the effect that in every case where an instrument in the hands of another person is calculated to induce the belief that the title of the plaintiff is invalid, an action will lie to set it aside. In this case, therefore, if Onderdonk, the purchaser at the corporation sale, in asserting his title after he had perfected his purchase, would be obliged to prove the laying of the assessment as well as the other proceedings anterior to the conveyance, I should be of opinion, that the complainant had not established a case for relief. Neither the proceedings of the corporation, nor the conveyance to Onderdonk when obtained, would constitute such a cloud upon the plaintiff's title as is contemplated by the rule. It would be impossible for Onderdonk to recover the possession of the lots, for he could not establish the existence of the assessment, and the plaintiff might rest in perfect safety. But the 45th section of the charter of the city of Brooklyn provides that the conveyance under such a sale as was made in this case, which is to be executed under the corporate seal, shall briefly set forth the proceedings had for the sale of the premises, and that by force thereof the purchaser shall be entitled to the possession and to the same remedy to recover such possession as is provided by law for the removal of tenants who hold over after the expiration of their terms, and that such "conveyance shall, in any such proceeding be deemedprima facie evidence of the facts therein recited and set forth." (Laws 1834, p. 108.) A conveyance properly prepared under this provision would recite the ordinance or resolution of the common council imposing the assessment, and such recital would be presumptive evidence of the existence of that ordinance. It is true the owner of the land would be at liberty to disprove it, if he could obtain the evidence; but the statute contemplates that the purchaser shall be furnished with a document bearing on its face prima facie evidence of a title *Page 16 
in him, and can only be impeached by proof aliunde of the falsity of its recital. The authorities to which I have referred admit that in such cases the party is not compelled to take the hazard of the loss of his evidence, but may while it is attainable call the party holding such a document into court and have the matter determined at once, so that the cloud upon his title may be dispelled. If the plaintiff would be entitled to set aside a conveyance, upon the facts stated in the complaint, if one had been obtained, then, inasmuch as the purchaser is seeking to obtain such a conveyance and the corporation of Brooklyn is ready to execute one, as is apparent from the terms of the certificate of sale, it is right that they should be enjoined from proceeding further towards that object. For the single reason, therefore, that the statute gives to the conveyance the effect which has been mentioned, I am of opinion that the city court was right in overruling the demurrer and giving the plaintiff the relief which he sought.
Judgment affirmed.