MATTHEWS *a*. THE MAYOR, &c., OF NEW YORK.

*Supreme Court, First District; Special Term, February,* 1860. *Again, At General Term, January,* 1862.

IRREGULARITY IN SALE FOR ASSESSMENT.—RELIEF BY COURT OF EQUITY.—INJUNCTION.—WANT OF FINDINGS OF FACT IN CASE ON APPEAL.

When a lease, made by a municipal corporation pursuant to a sale for an unpaid assessment, is, by law, evidence of the regularity of the sale, the court in cases of substantial irregularity will restrain the making of such lease.

---

On appeal from judgments in actions tried by the court, if the case contain no findings of fact, it is the practice of the general term of the first district to dismiss the appeal, unless the parties consent, before the appeal is submitted, to have the case sent back for correction.

I.—Trial by the court.

This was an action, by Alexander Matthews against The Mayor, &c., of New York, George A. Hoyt, Stephen J. Field, David Dudley Field, and Harriet D. Field, brought to restrain the Corporation from executing leases of four lots on 26th street,

in the city of New York, which had been sold for assessments, on three grounds: 1. That the assessments themselves were irregular and illegal. 2. That the proceedings to enforce them had also been irregular and illegal. 3. That since the sale the Corporation had sold the same lots for subsequent assessments to the landlord of the plaintiff. A demurrer was first interposed by the Corporation upon the ground that the court had no jurisdiction to grant relief. The demurrer was overruled by Mr. Justice Davies. An answer was then put in, and the case tried before Mr. Justice Mullin.

It appeared upon the trial that the plaintiff was the lessee from the defendants Field of one of the lots in question. That the defendants Field were the owners in fee of the four lots. That the Corporation had, in 1844, executed to the defendant D. D. Field a lease of these lots for seventy years for the unpaid taxes of 1837, 1838, 1839, and 1840. That the four lots were sold in one parcel, in June, 1856, by the Mayor, &c., of New York, to satisfy two assessments for local improvements, one for the opening of Twenty-sixth-street, and the other for setting curb and gutter in the Eighth Avenue. It appeared that the assessments were confirmed in 1838.

Upon the evidence which was adduced in regard to the proceedings taken by the Corporation in laying the assessments and conducting the sale, the following irregularities were claimed by the plaintiff as established. With regard to the opening of 26th street: 1. That there was no ordinance or resolution authorizing the opening. The one proved was passed in March, 1838, nearly two years after the petition presented to the Supreme Court for the opening. The signature of the mayor to the petition was not enough. The statute required that the " Mayor, Aldermen, and Commonalty, in Common Council convened," should act upon the matter and direct the opening. 2. The petition to the Supreme Court and its order related to the opening of 26th street, from the Fourth Avenue to the Hudson river. The report and subsequent proceedings related to the opening of the street from the Bloomingdale Road to the Hudson river, and that there was, therefore, no application to the Supreme Court, and no order of that court for the assessment which was actually made. 3. It did not appear by the report of the commissioners, that they gave notice of presenting it to

the court in more than one newspaper. 4. The report of the commissioners did not set forth the names of the owners of the property, or declare that the owners were unknown. 5. The land taken and the land assessed belonged to the same owners. For taking their own land the owners were assessed $386.

With regard to the Eighth Avenue assessment, the plaintiff objected that there did not appear to have been any ordinance or resolution of the Common Council authorizing it.

With regard to the proceedings to collect the assessment the plaintiff claimed: 1. That there was no warrant to the collector to collect and receive the assessment. 2. That the affidavits of the collectors as to demand upon the owners were defective. 3. That though the lots were occupied at the time, no notice was left with the occupants. 4. That the notice of sale was defective, (1) in giving the date of confirmation of the 26th street assessment incorrectly; (2) in giving an erroneous description of the lots; and 5. That five lots were sold together for two assessments, while one of the assessments covered but three lots.

*David Dudley Field,* for the plaintiff.

*Rufus F. Andrews,* for the defendants.

MULLIN, J.—It was conceded on the argument that the proceedings of the city officers in the proceedings to open 26th street, and to assess the tax for the curb and gutter in front of the lots in question, and in selling the said lots for the charges thus imposed on the owner, were irregular, and I am relieved, therefore, from any further examination of that question. The concession, I think, was very properly made, as it seemed to me quite clear that but very little attention, if any, had been paid by the Common Council and its subordinates to the statutes regulating proceedings in cases of opening streets, and laying assessments for the local improvements for which the lots in question were sold. But it is insisted by the defendant's counsel that a court of equity has not jurisdiction to review the proceedings of these inferior jurisdictions, and to set them aside, if irregular, except in two classes of cases. The one is when the lease becomes conclusive evidence of the regularity of the sale. (1 *Rev. Stat.,* 5 ed., 969, § 69.)

Many of the most serious defects in this case, are in the pro-

ceedings to sell, and in the sale itself. The affidavit of the collector is defective in several particulars; the notices required to be given to owners or occupants appear not to have been given. The assessments on some of the lots sold had been paid before the sale; yet these lots were sold notwithstanding. It would seem to be quite oppressive to permit a lease to be given, which, when given, is conclusive of the regularity of the sale, when there is no pretence that the sale was regular—not in mere matters of form, but in substance; in matters vitally important to the owner or occupant of the land.

This case is not one in which the Corporation when prosecuted, or when prosecuting for the possession of the premises in question, will be bound to prove the proceedings to sell, and the sale itself regular, but the lease becomes conclusive evidence of the regularity—and the owner or occupant, however irregular the proceedings may have been, cannot even assail them—his lips are forever closed on that subject. The cases to which I am referred, which deny jurisdiction in the court to restrain the acts of municipal corporations, are those in which the Corporation, after having gone through with the whole proceedings in assessing and selling real estate, are yet bound to prove such proceedings regular; cases in which they have the benefit of no presumption, and of course, when the injured party has ample protection. (Heywood *a.* City of Buffalo, 14 *N. Y.*, 534; Wiggin *a.* Mayor, &c., of N. Y., 9 *Paige*, 16; Van Doren *a.* the same, *Ib.*, 388; Mayor, &c., of Brooklyn *a.* Meserole, 26 *Wend.*, 132.)

Within the cases cited, the lease, if given pursuant to the sale, casts a cloud on the plaintiff's title, and for this reason the court has power to restrain the Corporation from making or delivering such lease.

I must order judgment that the defendant be perpetually enjoined from making lease of the premises described in the complaint, and that the other defendants be also perpetually enjoined from receiving such lease.

---

II.—Appeal from a judgment.

From the judgment entered upon the foregoing decision, the defendants, The Mayor, &c., of New York, appealed.

*Rufus F. Andrews* and *Abraham R. Lawrence, Jr.*, for the appellants.—I. The respondent shows no cause of action for an injunction. 1. The respondent avers that the two assessments were void. If he is correct, the lease to Hoyt would be a nullity. When a party claims title to or an interest in lands, under a lien or assessment sale, he is bound to show that every single step has been taken which the law prescribes; and if he fails to do so, he cannot obtain possession of the lands or of any interest therein. (Striker *a.* Kelly, 2 *Den.*, 323; Doughty *q.* Hope, 3 *Ib.*, 594; 1 *N. Y.*, 79; Sharp *a.* Speir, 4 *Hill*, 76; Sharp *a.* Johnson, *Id.*, 92; Leggett *a.* Rogers, 9 *Barb.*, 406; and cases cited.) Mr. Hoyt will be obliged to resort to an action of ejectment, in which it will be incumbent on him to prove a strict compliance with every provision of the statute under which the sale was made. (Sharp *a.* Johnson, 4 *Hill*, 92, and cases *supra.*) 2. The notices to which the complaint refers are those prescribed by the 10th section of the act of 1839. (*Davies' Laws*, 820.) The service of such notice is necessary to confer upon the Corporation the power to sell the assessed premises. The neglect to make such service nullifies the whole proceeding, and the case is brought, therefore, precisely within the doctrine laid down in the cases above cited. 3. The provision of the act of 1816, § 2, that "the lease shall be conclusive evidence that the sale was regular" (*Davies' Laws*, 600), does not affect the case. That provision only refers to the regularity of the proceedings at the sale, or immediately preceding such sale. (Striker *a.* Kelly, 2 *Den.*, 323.) 4. The decision is put partly upon the ground that there was a defect in the affidavit of the collector. If this is so, the defect is jurisdictional, and the case is brought in exact point with Striker *a.* Kelly, *supra.* 5. The case of Scott *a.* Onderdonk (14 *N. Y.*, 9) does not affect this case, because in that case it appears that the Brooklyn assessment statute makes the execution of the lease *prima-facie* evidence of the validity of the assessment. 6. This is not a proceeding under ch. 338 of the Laws of 1858, and the provisions of that act have no bearing in this case.

II. The allegation that the date of the confirmation of the assessment for the opening of 26th street was erroneously described in the notice of sale does not avail the respondent, inasmuch as it does not appear that he was in any way aggrieved.

*David Dudley Field,* for the respondent.—I. Since there are no findings of fact, the court must presume that the facts justified the legal conclusions of the special term. (Viele *a.* Troy & Boston R. R. Co., 20 *N. Y.*, 186; Carman *a.* Pultz, 21 *Ib.*, 547; Grant *a.* Morse, 22 *Ib.*, 323.)

II. The assessment for opening 26th street was illegal and void for the reasons urged in the court below. (*Davies' Laws,* 528, 529, 532, 537; Platt *a.* Stewart, 8 *Barb.*, 493.)

III. The Eighth Avenue assessment was illegal and void. (*Davies' Laws,* 526, § 175.)

IV. The proceedings to collect both assessments were irregular and illegal. (*Davies' Laws,* 598, § 1; *Ib.*, 599; *Ib.*, 820, § 10.)

V. The court had jurisdiction to vacate these assessments and subsequent proceedings, and to restrain the giving of leases. 1. Such was the law before the statute of 1858, because the giving of leases would have created conclusive evidence of the regularity of the proceedings, contrary to the fact. (*Davies' Laws,* 600; Scott *a.* Onderdonk, 14 *N. Y.*, 9.) 2. The act of 1858 would have given jurisdiction if there had been none before. (*Laws of* 1858, ch. 538.) This act does not specify the manner in which the assessments are to be attached and set aside. It only provides that the party aggrieved may apply to a judge of the Supreme Court. A complaint is an application. (Morgan *a.* N. Y. & Albany R. R., 10 *Paige,* 290.)

VI. There was also another and independent ground of interference, and that was the fact that the Corporation had afterwards sold the same property for taxes subsequently laid, and given a conveyance to the landlord of the plaintiff. It would, therefore, be most inequitable for the Corporation to grant another lease, covering, in part, the same period of time, and tending to destroy the title which they had given. A court of equity will not allow a vendor or lessor thus to embarrass his vendee or lessee.

BY THE COURT.*—CLERKE, J.—We regret that this case is not in a condition in which it can be decided. There are no findings of fact by the justice who tried the cause at special term. This is an omission which we very frequently discover in cases

* Present, CLERKE, SUTHERLAND, and MULLIN, JJ.

presented at the general term. For the future, when this defect appears, we shall be under the necessity of dismissing the appeal, unless the parties consent, before it is submitted, to have it sent back for correction.

On the present occasion we send the case back for correction, leaving it to be heard in its proper place at the next general term, on payment of costs of the November term by the appelant.

SUTHERLAND, J.—I concur in the within, because, strictly speaking, there should have been a finding of facts; but as no finding of facts could probably have changed or affected the only question in the case, I should have been willing to dispose of the case on the case as it is. The act of 1858 cannot avail the plaintiff. The only question is, whether the lease, if executed to Hoyt, will be conclusive evidence that all the previous proceedings have been regular, &c.

Case sent back for correction.