## LEWIS F. ALLEN AND OTHERS, RESPONDENTS, v. THE CITY OF BUFFALO, APPELLANT.

*Tax Sale—Certificate—Cloud on title—Equitable relief.*

A certificate stating that a majority of those interested in all the different and several kinds of work to be done have petitioned, is not a compliance with the requirement that a majority of those interested in paving and grading should petition.

When a certificate of a tax sale is presumptive evidence of the facts therein contained, and is evidence in the Defendant's possession of a legal assessment and valid sale, such certificate is a cloud upon the title of one holding adversely thereto, and equity will interpose to give relief.

*David F. Day* for Appellant.
*Geo. Wadsworth* for Respondents.

MASON, J.—The assessment in question was illegal. (Laws of 1856, p. 143, § 20.) The certificate is substantially defective. The charter requires that a majority of those interested in paving and grading should petition. The certificate duly states that a majority of all those interested in all the different and several kinds of work to be done have petitioned. This certificate might be true, and yet not one of the persons interested in the paving and grading, for which alone the petition is necessary, have joined in the petition.

This question has been decided in this Court, in the cases of Lathrop v. The City of Buffalo, and Dolan v. The Same. The only question in the case is, whether the assessment of this tax, and the sale of the premises to pay the tax, and the issuing of the certificate of sale to the Defendant, created such a cloud upon the Plaintiff's title as justifies a Court of Equity to interpose.

This question is easily answered by reference to a few provisions of the Defendant's charter, and the well-settled rules of equity. In the first place, the charter makes the assessment a

lien upon the lots, and it is provided by the thirty-ninth section of title five, that it shall not be necessary, in any proceeding for the collection of any tax, *or in any suit or proceeding in which such tax shall come in question, to prove the validity thereof, or the regularity of any of the proceedings by which the same shall have been imposed, but said tax shall be deemed to be valid, regular, and conclusive,* &c. (Laws 1853, p. 483, § 39.) And the twenty-fourth section of the same title declares, that the certificate of sale shall be presumptive evidence of the facts stated therein. (Laws 1853, p. 480, § 24.)

This certificate of the sale is required to contain a description of the property and the term for which it was sold, and the particular tax, and the amount thereof, with the interest and expenses for which the sale was made, and the time when the right to redeem will expire. (Laws 1853, p. 477, § 16.) The owner of the land must redeem by paying, &c., within three months after receiving notice ; and if he do not, the Common Council are directed, and it is their duty, to issue a declaration in writing to the purchaser, under the corporate seal, signed by the Mayor and attested by the Clerk, containing a description of the premises, the fact of the assessment, advertisement and sale, and the period for which the premises were sold ; and which declaration may be recorded as a lease of real estate. (Laws of 1853, p. 477, § 18.)

This same section declares that this declaration shall be *presumptive evidence, in all courts and places, that such* tax or assessment was legally imposed, and that due proceedings to authorize such sale were had. This lease was not issued when this suit was commenced, but the assessment and sale were all proved by the certificate of sale, and the charter makes such certificate presumptive evidence of the facts therein contained, and is evidence in the Defendant's possession of a legal assessment and a valid sale ; and consequently the tax, being a lien upon the lots, creates a cloud upon the Plaintiff's title ; and as the Defendant is relieved from showing the assessment whenever he has the certificate, and when he gets his lease may stand upon that alone, it presents a case for equitable relief, the rule being, that when

the claim of the adverse claimant to the land is valid upon the face of the instrument, or the proceedings sought to be set aside, and extrinsic facts are necessary to be proved to establish the illegality or invalidity, then a Court of Equity will interpose to remove the cloud (Ward v. Dewey, 16 N. Y. 519, 522; Scott v. Onderdonk, 14 id. 9); and I am not able to distinguish the case of Scott v. Onderdonk from the case at bar. It decides the very question presented by this appeal, and I cannot think it has been overruled by this Court.

The case of Howell v. The City of Buffalo should not be regarded as overruling the case of Scott v. Onderdonk, as it certainly would overturn the well-settled rule in equity, and overrule a long line of decisions in this State without reviewing or considering them; and as the case has been withheld from the reports, we ought to follow the case of Scott v. Onderdonk, which is sound, and fully sustained by the prior cases.

The Defendant cannot have any benefit from the objection taken here, that there is a defect of parties plaintiff, as he has not specified this as a ground of demurrer. (Code, § 144.) The demurrer must distinctly specify the ground of objection to the complaint, and the penalty of the omission is, it will be disregarded if he do not. (Code, § 145.)

The judgment should be affirmed.

MILLER, J.—This action was brought to set aside certain assessments levied upon the lands of the several Plaintiffs, to defray the expenses of paving and grading Niagara Street, in the city of Buffalo, and for other purposes; which assessments are alleged to have been illegally made. The main question presented is, whether an action in the nature of a bill quia timet can be maintained to restrain the Defendant from taking any proceeding to collect such assessments.

It is insisted by the Defendant's counsel, that the question now raised has been decided adversely to the Plaintiffs in the case of Howell v. The City of Buffalo. The case is not reported, but we have been furnished with a copy of the opinion of Mr. Justice.

Mason, which is relied upon as decisive of the question involved. The learned Judge holds, first, that a remedy exists by a common law certiorari to correct errors of this description, and when this remedy clearly exists, that equity will not entertain jurisdiction; second, that the Plaintiffs had no common or joint interest in any of the parcels of land upon which the assessments were severally levied, and they could not unite in an action; and that the subject-matter of the action being land, every Plaintiff must be interested in the same piece of the land affected.

On the part of the Plaintiffs it is contended, that the learned Judge has manifestly, in his opinion, overlooked the case of Scott *v.* Onderdonk (14 N. Y. 9), which holds that if the instrument be void upon its face, or defective for the want of prelimi nary proceedings, the owner cannot maintain the action. But, where it is made presumptive evidence that such proceedings were had, the action lies. In the case of Howell *v.* The City of Buffalo, the learned Judge assumed that the declaration required by the eighteenth section of the fifth article of the charter would recite in brief the facts connected with the assessment; and that the facts thus recited would disclose, that it did not appear that a majority of those liable to pay for the improvement solicited, and for which it was necessary to apply to the Common Council, had united in the application.

By the section of the act cited, if the land sold is not redeemed the purchaser is to have a declaration of sale, containing certain statements, which is to be presumptive evidence that the tax or assessment was legally imposed, and that due proceedings to authorize the sale were had; but it does not provide that it shall show what the learned Judge deemed essential, and therefore its invalidity would not appear upon the face of the declaration itself, and proof aliunde, that instrument would not be required to establish title. Another section, thirty-nine of the act, provides, " that it shall not be necessary in any suit or proceeding for the collection of, or in which, such tax or assessment shall come in question, to prove the validity thereof, or the regularity of any of the proceedings by which the same shall have been imposed;

but said tax or assessment shall be deemed to be valid, regular, and conclusive, subject to the right of any party to show to the contrary by affirmative evidence." It would seem that the declaration proves itself, and, primâ facie, is evidence of title, liable to be assailed by affirmative evidence that the tax is illegal and void. If this is so, then the action lies.

In the case of Scott v. Onderdonk, the land had been sold for the non-payment of a void assessment, but no conveyance or declaration of sale had been made. The Brooklyn charter provided that the conveyance, when made, should be primâ facie evidence of the facts therein recited and set forth; but it does not appear that the assessment was presumed to be valid, or that the certificate of sale was in any way evidence of the facts therein stated, or that the declaration of sale was evidence in any proceeding other than that for the recovery of the premises. The case is not as strong as the one before us, and it is, I think, apparent that the learned Judge in Howell's case did not give it the consideration to which it is entitled; and as it stands as authority, never having been overruled or considered, it is decisive of the principle here involved.

The parties subsequently brought in, by the order of the Court, as Plaintiffs, would seem to be proper parties to the action, as the order has never been appealed from, and has been sanctioned and made lawful by subsequent legislation. (Laws of 1865, 635, § 1.)

A number of suggestions are made by the Appellant's counsel, which do not, I think, affect the final determination of the case. It must be disposed of on the one to which I have adverted, and therefore I have not deemed it necessary to discuss them.

The judgment must be affirmed.

All concur.

Judgment affirmed.

JOEL TIFFANY,
State Reporter.
