# SUPREME COURT.

## JAMES C. BEACH agt. WILLIAM M. HAYES, county treasurer of Ulster county.

*Taxes and assessments — when court will intervene to prevent sale of lands for non-payment of tax — Remedy by injunction.*

Where the statutes provided that "all real and personal estate liable to taxation be estimated and assessed by the assessor at its *full* and *true* value, as they would appraise the same in payment of a just debt due from a solvent debtor," and when the assessors had completed their roll they were required to make an oath which contained this clause: "We have estimated the value of the said real estate at the sums which a majority of the assessors have decided to be the *full* and *true* value thereof and at which they would appraise the same in payment of a just debt due from a solvent debtor," instead of which the oath of the assessors, appended to the assessment roll, read: "We have estimated the value of the said real estate at the sums which a majority of the assessors have decided to be the *fair proportionate value* thereof and at which, in the *same ratio*, they would appraise the same in payment of a just debt due from a solvent debtor:"

*Held*, that such a departure from the statute vitiates the entire assessment, and where a county treasurer had, under the provisions of the statute, advertised for sale the lands of the plaintiff for an unpaid tax, he is entitled to the preventive remedy of an injunction to restrain the sale of the same.

Where a deed, given by a public officer, is *prima facie* evidence of title, a party should have a preventive remedy, because there is then, if such deed is given an apparent cloud resting upon the title of the owner, which extrinsic evidence only can remove.

Where, as in this case, the treasurer's deed is, by law, made "presumptive evidence" that all the statutory provisions have been complied with, and if the plaintiff's property is sold and conveyance executed, the title in the purchaser will be, apparently and presumptively, complete, and can only be attacked and overthrown by affirmative evidence given by the plaintiff, the court is authorized to intervene by injunction and restrain the sale.

*Ulster, Special Term, October*, 1879.

APPLICATION for an injunction to restrain the sale of lands for non-payment of a tax.

*S. L. Stebbins*, for motion.

*F. L. Westbrook*, opposed.

WESTBROOK, *J.*—By chapter 371 of Laws of 1879, chapter 65 of the Laws of 1878 is made applicable to the county of Ulster.

The defendant, as county treasurer, has, under the provisions of the act of 1878, advertised for sale the lands of the plaintiff for an unpaid tax claimed to have been levied in 1874.

The plaintiff insists that the alleged assessment is void because the assessors in attempting to make it disregarded the plain provisions of the statute in this particular. The law (1 *Ed. Statutes, page* 365, *section* 17) provides: "All real and personal estate liable to taxation shall be estimated and assessed by the assessor at its full and true value as they would appraise the same in payment of a just debt due from a solvent debtor."

By section 8 of chapter 176 of Laws of 1851 (3 *vol. Ed. Statutes*, 350) it is further provided, that when the assessors have completed their roll they shall appear before a justice of the town or city in which they reside and make an oath in the form therein prescribed, which form contains this clause: "We have estimated the value of the said real estate at the sums which a majority of the assessors have decided to be the full and true value thereof, and at which they would appraise the same in payment of a just debt due from a solvent debtor."

The oath of the assessors appended to the assessment roll of 1874 shows that in making their assessments the assessors disregarded the law, for instead of swearing as the law directs they say: "We have estimated the value of the said real estate at the sums which a majority of the assessors have

Beach agt. Hayes.

decided to be the *fair proportionate value* thereof, and at which, in the *same ratio*, they would appraise the same in payment of a just debt due from a solvent debtor."

The honesty of the assessors in admitting by their affidavit that they have disobeyed a statute command, and in not swearing that they have complied with the law when they have not, deserves commendation ; but honesty on their part in confessing illegality cannot make their action, which is clearly invalid, valid. They were required to appraise the real estate liable to taxation in their town at its "*full* and *true* value," and " at which they would appraise the same in payment of a just debt due from a solvent debtor." Instead of doing so they have evidently appraised all at a less sum — some proportion thereof, which was maintained throughout, for they swear it is "the fair *proportionate* value thereof at which, in the *same ratio*, they would appraise the same in payment of a just debt due from a solvent debtor."

Manifestly such a departure from the statute vitiates the entire assessment; and this was conceded upon the argument, but it is claimed that the plaintiff is not entitled to the preventive remedy of an injunction, because the purchaser at the sale to make title will be compelled to produce not only his deed but the tax roll as well on which the error appears.

The rule of equity is now well settled that if a deed given by a public officer is *prima facie* evidence of title that a party has a preventive remedy, because there is then, if such deed is given, an apparent cloud resting upon the title of the owner which extrinsic evidence only can remove (*Guest* agt. *City of Brooklyn*, 69 *N. Y.*, 506–513).

Chapter 65 of the act of 1878, section 10, provides that the deed of the county treasurer, given upon a sale of lands under the act, " shall be conclusive evidence that the sale was regular, and, also, presumptive evidence that all the previous proceedings were regular according to the provisions of this act." By the provisions of that act before the treasurer could sell (*section* 1) it was necessary that there should be an upaid tax

on the land "levied for state or county purposes in the manner hereinafter provided;" and that the same was validly assessed, because, by section 4, the treasurer must reject "all taxes on land     *     *     *     erroneously assessed in form or substance that the same cannot be enforced." Of all this, the treasurer's deed is by law " presumptive evidence," and if the plaintiff's property is sold and conveyance executed, the title in the purchaser will be, apparently and presumptively, complete, and can only be attacked and overthrown by affirmative evidence given by the plaintiff.

In other words this case is brought directly within that of *Guest* agt. *The City of Brooklyn* (69 *N. Y.*, 506), before cited, which decides: "To authorize the court to intervene to remove the lien of an assessment, or to set aside an assessment sale as a cloud on title, it must appear that the record or conveyance is not void upon its face, and that the claimant under it would not develop the defects rendering it invalid by the proof which he would be obliged to produce in proceedings to enforce his claim."

As my judgment is clear that a conveyance of the county treasurer, under the act of 1878, would, without the production of the tax roll imposing the tax, be presumptive evidence of title, I will not fully discuss the point made by the counsel for the plaintiff founded upon section 7 thereof, which provides that upon a sale, the treasurer shall give to the purchaser " a certificate in writing describing the real estate purchased and the sum paid, and such purchaser or his legal representatives or assigns may immediately, upon receiving said certificate, *by virtue thereof and of this act* lawfully possess, hold and enjoy for his and their own proper use, and the use and benefit of his and their heirs and assigns forever, the real estate described in said certificate, unless redeemed as hereinafter provided." It may be proper to say, however, as by virtue of the certificate ("*by virtue thereof, and of this act*" is the language) the buyer would presumptively be entitled to possession, that for that reason also the injunction is granted

Clark agt. St. Louis, Alton and Terre Haute R. R. Co.

(*Scott* agt. *Onderdonk*, 14 *N. Y.*, 9; *Marsh* agt. *City of Brooklyn*, 59 *N. Y.*, 280; *see pages* 284, 285).

An injunction will issue as asked, and the amount of the undertaking will be fixed on the settlement of the order.