JAMES G. AVERELL AND OTHERS, RESPONDENTS, *v.* DAVID DAY, 2D, AND OTHERS, COMMISSIONERS, ETC., APPELLANTS.

*Action to vacate an assessment, as a cloud upon title— when the defendants cannot show that the defect appears upon the face of the records.*

The complaint alleged that the defendants, acting as commissioners under chapter 888 of 1869, had levied an assessment upon the plaintiffs' lands, which was an apparent lien thereon and a cloud upon the plaintiffs' title thereto ; that the assessment was in fact void, because of certain defects mentioned in the complaint, which defects did not appear in the statement and apportionment, and would not necessarily appear in any proceedings to enforce the collection of the assessment. The answer denied the existence of the irregularities specified in the complaint; set forth the proceedings taken by the defendants; alleged that they were regular and that the assessment was valid. It did not deny the allegations of the complaint, to the effect that the irregularities and defects therein mentioned did not appear in the statement and apportionment, and would not necessarily appear in the proceedings to enforce the assessment   Upon the trial it appeared that the assessment was invalid by reason of the irregularities mentioned in the complaint, and also by reason of an error appearing on the face of the records made by the defendants.

*Held*, that the defendants having admitted that the irregularities, for which it was sought to set aside the assessment, did not appear on the face of the records, could not have the complaint dismissed, because there was another defect, which did so appear. (RUMSEY, J., dissenting.)

APPEAL from a judgment in favor of the plaintiffs, entered upon the report of a referee.

This action was brought to annul an assessment levied upon the plaintiffs' lands by the defendants, as commissioners for the draining of Birch Creek Swamp, under chapter 888 of 1869, upon the ground that the proceedings of the commissioners and their subsequent assessment were void, by reason of non-compliance by the said defendants, as commissioners, with the statute under which they were appointed, in matters none of which were required to appear of record.

The complaint after setting up certain alleged irregularities, proceeded : " And plaintiffs aver that by reason of the said improper principle upon which the same was made, and of the omission of the defendants to give said notices, as aforesaid, and to acquire title to the lands over which said ditch or channel was con-

structed by them, or to the said easement upon or across any of said lands, the said apportionment or assessment against the plaintiffs is invalid and void and ought not to be enforced, but that the same does not appear in said statement and apportionment, and will not necessarily appear in any proceedings to enforce the same; and that the same remain as apparent liens upon plaintiffs' said lands and clouds upon their title thereto and the record thereof."

The answer denied the existence of the alleged irregularities, and alleged that the assessment was valid. It did not deny that the irregularities did not and would not appear on the face of the proceedings.

At the close of the plaintiffs' case, the defendants made a motion for a nonsuit and dismissal of the complaint, on the grounds that plaintiffs had not established a cause of action, for the reason that the very defects in the proceedings of the commissioners alleged by the plaintiffs appear upon the records of the proceedings of the commissioners, and would necessarily appear in proceedings to collect the tax or by a claimant under a tax title in an attempt to enforce his lien.

At the close of the testimony in the case they renewed their motion for a nonsuit upon the ground already stated, and upon the further grounds, specifically, that the determination filed by the commissioners does not state that the ditching was required by the public health, and that therefore the assessment is not a cloud upon the plaintiffs' title; and also upon the further ground that neither the petition to nor the order of the county judge states that the ditching was necessary for the public health, and consequently all subsequent proceedings of the commissioners are invalid upon their face, and the assessment does not constitute a cloud upon the plaintiffs' title.

Both motions were denied by the referee.

*L. W. Russell*, for the appellants.

*L. Hasbrouck*, for the respondents.

LEARNED, P. J.:

This is an action to annul and set aside an apportionment and assessment. The complaint alleges certain facts showing that the

assessment is void; alleges that it is a cloud on plaintiffs' title, and, further, that the invalidity arising on these facts does not appear in said statement and apportionment and will not necessarily appear in any proceeding to enforce the same. The answer, at some detail, sets forth the action of the defendants in making the assessment and apportionment, and avers that the proceedings have been regular and valid. It does not aver that the facts on which the invalidity is based, as stated in the plaintiffs' complaint, do appear in the statement and will necessarily appear in any proceeding to enforce the same.

The referee found with the plaintiffs that the assessment was invalid, and as it was admitted in the pleadings that the invalidity would not appear, etc., he directed judgment in their favor. At the close of the evidence the defendants asked leave to amend their answer so as to set up that there was a defect, which was apparent on the face of the assessment, and therefore that the assessment was no cloud upon plaintiffs' title. The referee ordered that they might so amend on certain terms.

The point now presented by the defendants is, that as the assessment shows on its face that it was invalid this action cannot be maintained. The plaintiffs say that the pleadings admit the contrary and that no such defense is set up in the answer.

It seems to me that the learned referee was right. Here is an action brought to set aside an assessment as invalid and as a cloud upon title. The plaintiffs, recognizing the familiar decisions, aver that the invalidity does not appear in the assessment and will not necessarily appear in proceedings to enforce it. The defendants do not deny this, but they allege the validity of the assessment and rest on that defense. They give no indication that they will insist on the defence that there is a patent defect in the assessment, and that for this reason, though the assessment is void, this action is needless.

The courts refuse to sustain actions to set aside assessments because the party will usually have a sufficient remedy at law. Thus if the assessment is invalid on its face, there will be a sufficient remedy at law. But the defense that there is a sufficient remedy at law must be pleaded. (*Le Roy* v. *Platt*, 4 Paige, 77.) Or even if we say that in this present case the plaintiffs were required to show as a part of their cause of action that the invalidity did not appear on the face

of the assessment, we have the admission of the defendants on that very point. The defense that such invalidity appeared was not set up and the defendants cannot avail themselves of it (*Codd* v. *Rathbone*, 19 N. Y., 37), even though the fact should appear on the trial by evidence introduced for another purpose, I think it would be unjust to permit the defendants, who have litigated this action on the ground that the assessment was valid, to avail themselves now of the ground that it was so utterly invalid that the action was unnecessary.

The judgment should be affirmed, with costs.

RUMSEY, J. (dissenting):

The action is brought to set aside an assessment levied upon the lands of plaintiffs by defendants acting as commissioners under chapter 888, Laws of 1869.

The complaint alleges that the assessment made by the defendants is an apparent lien and cloud upon plaintiff's title to the lands mentioned in it, but that it is in fact void because of certain defects mentioned in the complaint, and which defects it alleges will not appear in the statement and apportionment, nor in any proceedings which may be taken to enforce the assessment. The answer denies the existence of these irregularities, and alleges that the proceedings are regular and valid, but does not deny that the particular irregularities mentioned in the complaint will not appear on the face of the proceedings, or in any proceedings taken to enforce the assessment.

The referee found that the defects alleged in the complaint existed; that they invalidated the assessment, and that it was admitted by the pleadings that they did not appear on the face of the proceedings, and ordered judgment for the plaintiffs for the relief demanded in the complaint, which was entered accordingly, and this appeal is taken.

The rule has been settled in this State for many years that to authorize the court to intervene to set aside an assessment as a cloud on the title of the plaintiff, he must make it appear that the claimant, under the assessment, would not, in his attempt to enforce it, develop defects rendering it invalid by the proof which he would be obliged to produce. (*Guest* v. *City of Brooklyn*, 69 N. Y.,

506, 513, 514; *Marsh* v. *Same deft.*, 59 id., 280, 283, 284; *Scott* v. *Onderdonk*, 14 id., 9.) At the close of the plaintiffs' case, defendants moved for a nonsuit upon the ground that the proceedings of the commissioners were invalid, and that the invalidity appeared on the face of the proceedings. This was denied, and defendants excepted. The correctness of this ruling is the first question raised. The record of the defendants' proceedings as commissioners then appeared in the case, and they were a necessary part of the plaintiff's case, for without them there would have been no foundation for the assessment, and it could not have been pretended that it constituted a lien. (*Sharp* v. *Speir*, 4 Hill, 76.) It appeared by these papers that it was not determined either by the commissioners or by the county judge that it was necessary for the public health that such lands should be drained, as required by section 6 of the statute. This determination was essential, not only to the validity of the proceedings, but to the constitutionality of the statute. (*Matter of Ryers*, 72 N. Y., 1–7; *Burk* v. *Ayers*, 19 Hun, 17–24.) Without that the proceeding is utterly void, and except for that purpose the legislature has no authority to permit the land to be taken. The plaintiffs had, therefore, failed in their case. They had not shown an assessment apparently valid on its face.

But their learned counsel insists that the answer admits that the invalidity does not appear on the face of the proceedings. That is not quite correct. Giving to the constructive admission all that can be claimed for it, it goes no further than the allegations of the complaint. Those allegations do not mention this irregularity, and consequently nothing is admitted concerning it. I do not think the defendants were called upon to set up the fact that this flaw appeared in the record. As we have seen, it was for plaintiffs to prove an assessment, which but for extrinsic evidence would be valid. If they fail there, they do not make out their case. (*Marsh* v. *Brooklyn*, 59 N. Y., 280.) And the defendants can take advantage of this defect, as soon as it appears, as they may of any failure of the plaintiffs' proof.

The plaintiffs claim further that the certificate of sale provided for in section 13 is presumptive evidence of the regularity of all previous steps in the matter and entitles the purchaser without more, to take possession of the land, and therefore the action may

be maintained on the authority of *Scott* v. *Onderdonk* (14 N. Y., 9). We need not discuss the effect to be given to this certificate, for there is none. The plaintiffs have put themselves on the void assessment.

Conceding that the certificate if given would be a cloud on the plaintiffs' title, it cannot be a lien until it exists. Thus far the plaintiffs' case shows only an attempt to make an assessment which is utterly void. Not only is no title asserted, but the case shows that there is nothing on which to base an assertion of title. It is just the case in which *Scott* v. *Onderdonk* holds that the action will not lie.

I am not insensible to the apparent hardship of the situation in which the plaintiffs are placed. But the well settled rules applicable to this class of cases cannot be changed to meet special emergencies. If the defendants are in fact defending this case in bad faith, and with knowledge of the invalidity of the assessment, the court upon a new trial can take that fact into consideration in the award of costs, which are in its discretion.

The judgment must be reversed, the referee discharged, and a new trial ordered, costs to abide the event.

Present — LEARNED, P. J., RUMSEY and OSBORN, JJ.

Judgment affirmed, with costs.