New York, Ontario and Western Railway Co. agt. Davenport.

---

## SUPREME COURT.

THE NEW YORK, ONTARIO AND WESTERN RAILWAY COMPANY agt. IRA DAVENPORT, Comptroller of the State of New York, and FRANKLIN E. WORCESTER.

*Cloud upon title — Action to remove — Sufficiency of complaint — Demurrer.*

When property has been sold for the non-payment of an assessment and a certificate given, which, if followed by deed, will confer a *prima facie* title, the owner can maintain an action to set aside the sale and enjoin the deed for the illegality of the assessment, because in such a case there is a cloud upon his title, which evidence alone will remove.

The deed when given will be conclusive evidence of the regularity of the sale, and presumptive evidence that all previous proceedings were regular.

New York, Ontario and Western Railway Co. agt. Davenport.

This action affects the title to real estate of the subject-matter of which this court has jurisdiction; this court can by action remove a cloud upon title, when extrinsic evidence must be resorted to, and it follows that the statute, which gives to the comptroller power to cancel such sales, and which the complaint expressly avers he does not intend to exercise, but that, on the contrary, *"he intends to execute such deed,"* cannot possibly deprive this court of its well established jurisdiction.

A complaint which seeks to remove a cloud upon title to real estate, which not only avers the giving of a certificate of sale by the comptroller, but also contains the express averment that the comptroller intends to execute such deed is good on demurrer.

*Albany Circuit, February*, 1883.

DEMURRER to complaint.

*James A. Dennison*, deputy attorney-general, for defendants.

*S. M. Coon*, for plaintiff.

WESTBROOK, *J.* — The complaint in this cause seeks to remove an alleged cloud upon the title of real estate belonging to the plaintiff, arising upon the following facts : The lands have been sold by the comptroller of the state for non-payment of taxes levied upon them in the city of Oswego, and in several towns in which they are situated, and a certificate of sale thereof has been given to one Charles Rhodes, who has assigned such certificate to the defendant Franklin E. Worcester who is the present owner and holder thereof. The sales were made in 1881, and the complaint charges and avers : " That the said Worcester will be entitled to a deed of all the said property so sold upon the expiration of the said two years, that the same has not been redeemed, and the said comptroller Davenport, unless restrained by law, will be compelled to, and intends to, execute such deed or deeds to said defendant Worcester or his assigns. That the said deed or deeds will be a cloud upon the title of the real estate so sold, and will convey a title in fee simple to said property." For various causes and reasons, which are detailed in the complaint, the plaintiff claims that the taxes and assessments, for

the non-payment of which the sales were made, are void, and as a relief it asks that the same shall, by judgment of this court, be declared void, and the giving of the deed enjoined.

To this complaint the defendant Davenport has demurred. Upon the argument of the demurrer, it was not claimed that the taxes were legally imposed, but it was insisted that the complaint should be dismissed for two reasons: 1st. That the comptroller had power, at any time before the giving of the deed, to cancel the sales, and that therefore this action could not be maintained; and 2d. That the ·mere fact of selling the property and giving a certificate of sale was not sufficient evidence of danger to the title to justify the action.

The question will not be elaborately discussed, but conclusions stated, which overrule the demurrer.

*First.* When property has been sold for the non-payment of an assessment and a certificate given, which if followed by deed will confer a *prima facie* title, the owner can maintain an action to set aside the sale and enjoins the deed for the illegality of the assessment, because in such a case there is a cloud upon his title which evidence alone will remove (*Scott* agt. *Onderdonk and another*, 14 *N. Y.*, 9; *Dederer* agt. *Voorhies*, 81 *N. Y.*, 153; *Strasburgh* agt. *Mayor, &c.*, 87 *N. Y.*, 452, 455).

*Second.* The deed, when given will be conclusive evidence of the regularity of the sale and presumptive evidence that all previous proceedings were regular.

*Third.* This action affects the title to real estate of the subject matter of which this court has jurisdiction; and it having been repeatedly held that this court can, by action, remove a cloud upon title when extrinsic evidence must be resorted to, it follows that the statute which' gives to the comptroller power to cancel such sales and which the complaint expressly avers he does not intend to exercise, but that, on the contrary, he "*intends to execute such deed*," cannot possibly deprive this court of its well established jurisdiction.

*Fourth.* The complaint in this case not only avers the giving

New York, Ontario and Western Railway Co. agt. Davenport.

of a certificate of sale by the comptroller, which, according to *Scott* agt. *Onderdonk* (14 *N. Y.*, 9 ; *see page* 16), is sufficient evidence of the intent to complete the attempted transfer of title by conveyance, but it also contains the express averment that the comptroller "intends to execute such deed." This averment the demurrer admits. This fact takes the case out of and from the effect of the decision of the court of appeals in *Sanders* agt. *Village of Yonkers* (63 *N. Y.*, 469), and from that of the general term of this department in *Clark* agt. *Davenport*. The plaintiff does not rely for the maintenance of its action only upon the averment that a certificate of sale has been given, as evidence of an intent by the comptroller to execute a deed, but it also alleges the actual intent so to do as a fact, and this brings the case within the principle laid down by the court of appeals in *Sanders* agt. *Village of Yonkers* (*see page* 492) that "it should appear that there was at least some imminent danger that a lease would be given, and that the interference of a court of equity was necessary to prevent a cloud upon title." If, on the trial of this action, it shall appear that the only evidence of the intention of the comptroller to execute the deed is the fact that he has given a certificate of sale, it will be then proper to apply the principle of the two cases referred to. On a demurrer, however, which for the purposes of its determination, is to be regarded as admitting an intention to consummate a sale by a conveyance, it cannot be judicially declared that there is no "imminent danger that a" deed will be given, and that therefore "the interference of a court of equity" is unnecessary "to prevent a cloud upon title."

*Fifth.* As the defendants did not, on the argument, discuss the validity of the assessment, their invalidity is assumed.

*Sixth.* The demurrer is overruled, with costs, the defendants having liberty to answer upon their payment.