## SUPREME COURT.

IN THE MATTER of the petition of GEORGE W. DOUGLASS to vacate an assessment for regulating and grading 64th street, from 3d to 5th Avenues, in the city of New York.

The act of 1857, amending the charter of the city of New York, (*Laws*, 1857, *ch.*, 446 *section 7*,) declares that " all resolutions and reports of committees (of each board of the common council,) which shall recommend any specific improvement involving the appropriation of public moneys, or the taxing or assessing the citizens of the city, shall be published immediately after the adjournment of the court, under the authority of the board, *in all the newspapers employed by the corporation*, and shall not be passed or adopted until after such notice has been published at least two days :"

*Held*, on a motion to vacate an assessment for regulating and grading a street in the city, on the ground that the resolution and report of the committee were not published in *all* the newspapers employed by the corporation, that the statute is to be considered directory, in that respect, and that a departure therefrom through mistake or even negligence and not intentionally, would not vitiate the proceedings.

The statute can be upheld by construing the number of papers to be merely directory, and the prohibitory portion of the act as satisfied by the publication of the notice in some of them, for at least two days before the resolution was adopted.

*New York Special Term, September*, 1870.

THIS was an application to vacate an assessment upon the ground that the resolution and report of the committee of the common council had not been published in all the newspapers employed by the corporation as required by section 7 of chapter 446, laws of 1857, (*the city charter.*)

CHARLES E. MILLER, *for petitioner.*

RICHARD O'GORMAN, *for the mayor, &c., of the city of New York.*

INGRAHAM, P. J.—The objection to the validity of this assessment is that the resolution and report of the committee were not published in all the newspapers employed by the

corporation immediately after the adjournment of the board. The statute contains the provision that the same shall not be passed or adopted until after such notice has been published at least two days. *(Laws,* 1857 *ch.,* 446.)

The proceedings were not published in all the papers, and the notice was only published in two daily papers, prior to the passage of the resolution.

So far as the direction of the statute is to publish the proceedings in all the papers employed by the corporation, I have no doubt that the same is to be considered directory, and that a·departure therefrom through mistake or even negligence, and not intentionally, would not vitiate the proceedings. The difficulty arises from the subsequent clause in the act which says, "all resolutions and reports of committees which shall recommend any specific improvement, taxing· or assessing the citizens of the city, &c. &c., *shall not be passed or adopted* until after such notice has been published at least two days." The prohibition against the passage of the resolution or report takes out of the mere directory character of the proceedings, and makes the passage illegal within the meaning of the act of 1858, (as therein designated a legal irregularity,) if the provisions of the statute are not complied with. It becomes necessary, therefore, to inquire what is meant by *"such notice has been published at least two days.*

I think it clear that the statute does not require two publications. It is sufficient if two days shall elapse between the publication of the notice and the passage of the resolution. The act does not anywhere require more than one publication in one paper, and the use of the word "notice," shows that the object was to give the parties to be assessed two days notice after its publication before the adoption of the resolution. This is not confined to each board. The adoption of the resolution means its passage by both boards, and it is only necessary that two days after the publication of the notice shall intervene between

the introduction of the resoulution, and its final passage in both boards of the common council.

The resolution was introduced in the board of aldermen on 2d July, 1863. The committee reported on 25th August, 1863. The resolution was finally adopted by the board of councilmen, 24th September, 1863.

The resolution was published in the *Tribune* and in the *Herald*, July 7th, and notice of the report of the committee on 27th August, and notice of its reference in the board of councilmen, September 19, and of the report on the 23d of September.

More than two days elapsed after the publication of the notice, and the necessary publication, therefore, took place, unless it was necessary that such publication should have been made in all the papers employed by the corporation to give validity to the proceedings.

I do not feel willing to give such a construction to this statute, which is not called for by the literal interpretation of it, so as to render these assessments illegal. The words of the act only require the publication to be for two days. It does not forbid the passage of the resolution until published in all the papers, but only until the notice has been published for two days, and the provisions of the statute can be all upheld by construing the number of papers to be merely directory, and the prohibitory portion of the act as satisfied by the publication of the notice in some of them for at least two days before the resolution was adopted.

It is not reasonable to suppose that the common council should be required to examine every newspaper employed by the common council to see if resolutions proposed to be passed have been published in every paper so employed before their passage, such I do not think was intended by the legislature. My conclusion is, that there is nothing shown on the part of the petitioner sufficient to invalidate this assessment.

Application denied.