Grover, J.
 

 This proceeding was commenced under chapter 338, Laws of 1858, page 574, for the purpose of vacating
 
 *559
 
 an assessment made upon the lands of the petitioner to defray the expense'of constructing sewers, upon the ground that it is voidable for fraud or legal irregularty in the proceedings, by virtue of which it was imposed. This statute was enacted for the purpose of affording an expeditious and inexpensive remedy in cases which, prior thereto, could only be remedied by an equitable action to remove apparent clouds upon the title. The assessment in the present case was made under chapter 381, Laws of I860, page 715. ISTo fraud in the proceedings prejudicial to the petitioner or otherwise was proved upon the hearing before the judge. The petitioner claims that the assessment was shown to he void upon these grounds: First. Because the Croton Aqueduct Board of the city had not devised a plan for the drainage of thó entire city, and caused maps, etc., as required by the first section of the act, to be made before contracting for the construction of the sewers in question. Second. For the reason that the contract for such construction embraced work in more than one sewerage district. Third. That copies of the map or plan for the drainage of sewerage district, FTo. 8, in which the lands in question are situated, had not been filed as required by section 4 of the act. Section 1 of the act empowers the Croton Aqueduct Board to devise and frame a plan of sewerage and drainage of the whole city. Section 2 requires the board to divide the city into as many sewerage districts as they may deem necessary for the purpose, and adopt a plan for the drainage thereof, and cause a map showing such plan to be made as therein specified. Section 4 provides, that upon the completion of the map or plan, it shall be the permanent plan for the sewerage of such district, subject to such subsequent modifications as may become necessary by the alterations made in the grade of any street or avenue in such district or otherwise. And further that copies of such complete plans shall be made and filed by said board in the offices of the common council, the comptroller, street commissioner and city inspector. Section 5 provides, that the board, upon the completion of the plan of sewarage of any district, and the filing of copies thereof as
 
 *560
 
 required by section 4 of the act, etc., shall contract for the work as therein specified. This shows that devising a plan for the drainage of the entire city by the board, is not a condition precedent to the power of contracting for doing the work in any of the sub-districts. If there could be any doubt upon this point, such doubt would be removed by section 8 of the act. The second ground upon which it is sought to vacate the assessment, has no foundation in fact. The contract only embraced work in the eighth sewerage district, in which the land in question is situated. The subsequent alteration, by detaching a part of the territory of this district, and attaching the same to district Ho. 9, did not vitiate the assessment. Such alteration was not made until after the work was contracted for and performed. All the work embraced in the contract, was at the time in the eighth district. It is earnestly insisted by the counsel of the petitioner, that the omission of the board to file a copy of the map with the clerk of the common council, as required by section 4, vitiated the assessment, although such copies were, in fact, filed in the three other offices, as required by that section. In support of this petition, the counsel, cites the decisions of this court in
 
 Blodget
 
 and in
 
 Douglass,
 
 in the former it was held that a contract for constructing sewers could not be entered into, until after the general plan required by the act had been devised by the proper authority, as required by the statute. But in the present case, such plan had been devised, and a map showing it had been made, and three copies thereof filed in public offices, as required by the statute. The omission was in filing the fourth copy. In the latter case, the court held that when the statute in terms prohibited either branch of the common council from passing any resolution authorizing any improvement which would cause a tax or assessment until after its publication, as required by the act, a resolution passed without such publication was void, and that an assessment founded thereon should be vacated. In this case, the statute does not prohibit the making of a contract for the work, until after the copies of the map are filed, as required by the act. Section
 
 *561
 
 8 does not prohibit the construction of any sewer or drain in the city, unless such drain or sewer shall be in accordance with the general plan, devised by the Groton board for the sewerage of the particular district in which such sewer or drain is proposed to be constructed. This section shows that the legislature did not intend to make such construction at all dependent upon the filing of the copies of the map, as provided for in section 4, but expressly provided that they should not be constructed except in accordance with a general plan of the board for the district, thus precluding such construction until after - such plan had been devised. Had the legislature supposed that sewers could not lawfully be constructed under section 5, until after the copies of the map exhibiting the plan had been filed as provided in section 4, section 8 would not have been included in the statute, as if that was so, it would be entirely superfluous. That each owner has an interest that all sewers for which his land is assessed shall be constructed in accordance with the general plan, is obvious, as otherwise he would be liable to frequent assessments, caused by changes therein. He has no interest to be affected by filing the copies of the map. Whether or not they are filed can in no manner affect his assessment. When it is ascertained that the sewers have been constructed according to a plan devised pursuant to the statute, that no fraud has occurred in any of the proceedings, or any legal irregularity at all affecting the rights or interests of the owners, an assessment to defray the expense is valid. As was said by Lord Mansfield in
 
 King
 
 v.
 
 Londale
 
 (2 Burr., 447): “ There is a known distinction between circumstances which are of the essence of a thing required to be done by an act of parliament and clauses merely directory. The precise time in many cases is not of the essence.” - The order denying the motion to vacate the assessment must be affirmed with costs.
 

 All concur. Folgee, J., absent.
 

 Judgment affirmed.