IN THE MATTER OF THE PETITION OF THOMAS R. AGNEW
TO VACATE AN ASSESSMENT FOR PAVING MADISON AVENUE.

*Chap. 446, Laws of 1857 — chap. 580, Laws of 1872 — chap. 313, Laws of 1874 —
Assessment — effect of failure to publish notice.*

Under section 7 of chapter 446, Laws of 1857, it is sufficient if two days shall
intervene between the publication of the notice, thereby required, and the
passage of the resolution.
*Matter of Bassford* (50 N. Y., 509) and *Matter of Douglass* (58 Barb., 174) followed.
Under the provisions of chapter 580, Laws of 1872, providing that "no assessment
for any local improvement * * * shall hereafter be vacated * * * by
reason of any omission to advertise, or irregularity in advertising any ordi-
nance, resolution, notice or other proceedings," etc., this court has no power,
except in cases of fraud or repavement, to vacate an assessment for a failure to
publish the notice of the final passage of the resolution authorizing the
improvement required by section 7, of chapter 446, Laws of 1857.

APPEAL from àn order made at the Special Term, vacating an assessment for paving Madison avenue, in the city of New York, from Forty-second street to Eighty-sixth street.

It appeared, from the evidence, that the resolution and ordinance authorizing the improvement were introduced into the board of councilmen, July 1, 1868, adopted by that board November 9, 1868; introduced into the board of aldermen, November eleventh, and adopted by that board November sixteenth. That such resolution and ordinance were amended by inserting the "crosswalk" provision by the board of aldermen, December 3d, 1868; and by the board of councilmen, December tenth. That the only publications in the New York Leader were as follows: November 21st, 1868, of the proceedings of the board of councilmen, of November 9th, 1868, resolution adopted; proceedings of the board of aldermen, of November 11th, 1868, resolution received from the board of councilmen; proceedings of the board of aldermen, of November 16th, 1868, resolution adopted; November 28th, 1868, proceeding of the board of aldermen of November 19th, 1868, "crosswalk provision" introduced.

*E. Delafield Smith* and *William Barnes*, for the appellant. The proofs show that the resolution and ordinance were, in fact, published in the New York Leader as required by the seventh section of the charter of 1857. (*In re Douglass*, 58 Barb., 174.) The assessment in this case not being (or even claimed to be), in any respect a case of fraud, or of a repavement, within the exception of the seventh section of chapter 580 of the Laws of 1872, the same was, under and by virtue of the provisions of said section, adopted, rehabilitated and legalized by the legislature, and declared to be a valid and subsisting lien, notwithstanding any defective advertising, etc. Statutes validating void assessments and other illegal acts and proceedings, are ordinary and well established functions and prerogatives of the legislature, unlimited as to the manner and extent of their exercise, except by prohibitions, if any, contained in the Constitution. (*Matter of Van Antwerp et al.*, 1 N. Y S. C. [T. & C.], 423, 425; approved by the Court of Appeals, April 7, 1874; *Mann* v. *The City of Utica*, 44 How. Pr., 334, per HARDIN, J.; *Matter of Ferdinand Meyer*, 50 N. Y., 504; *Litch-*

*field* v. *Vernon*, 41 id., 124; *People ex rel. Albany and Susquehanna Railroad Company* v. *Mitchell et al.*, 35 id., 551; *People* v. *The Mayor*, *etc.*, *of Brooklyn*, 4 Comst., 419; *Guilford* v. *Chenango Co.*, 13 N. Y., 143; *Thompson* v. *Lee Co.*, 3 Wall., 327.) It is within its province by retrospective legislation, when not impairing the obligation of contracts, to give effect to the intention of parties through their contracts or other acts, although obnoxious to the provisions of existing statutes. Such as to a deed or act not duly acknowledged or otherwise defective. (*Watson* v. *Mercer*, 8 Peters, 88; *Thompson* v. *Morgan*, 6 Minn., 202; *Burnton* v. *Servers*, 12 Iowa, 470; *Chestnut* v. *Shane*, 16 Ohio, 509; *Jauncey* v. *Gibson*, 50 Penn., 57.) Or void under a prohibitory act. (*Washburn* v. *Leavitt*, 35 Barb., 599; *Beach* v. *Walker*, 6 Conn., 190; *Welch* v. *Wadsworth*, 30 id., 149.) "It may also confirm an imperfect sale of the real estate of minors." (*Suydam* v. *Bk. of New Brunswick*, 3 Green Ch. [N. J.], 144; *Dorsey* v. *Gilbert*, 11 Gill & J., 87; *Davis* v. *State Bk.*, 7 Ind., 316.) Or registry of a deed. (*Hughes* v. *Cannon*, 2 Hump., 589.) Or contract of a marriage imperfectly celebrated. (*Goshen* v. *Stonington*, 4 Conn., 210; *Goshen* v. *Richmond*, 4 Allen, 458.) Or an imperfect execution of judicial process. (*Mather* v. *Chapman*, 4 Conn., 54; *Beach* v. *Walker*, 6 id., 197.) Or confirm a tax according to a previous assessment. (*Locke* v. *New Orleans*, 4 Wall., 172.)

*Herbert A. Shipman*, for the respondent. The seventh section of chapter 580, Laws of 1872, as amended by chapter 313 of the Laws of 1874, does not cure the commission of a forbidden act; it relates wholly and solely to acts of omission. The failure to give notice as required by section 7, chapter 446, Laws of 1857, under which this assessment was laid, was a failure to acquire jurisdiction which is not cured by the act of 1872. Where the statute prescribes the mode of acquiring jurisdiction, the mode prescribed must be strictly complied with, or the decision will be a nullity. (*Bloom* v. *Burdick*, 1 Hill, 130; *Stanton* v. *Ellis*, 2 Kern., 575; *People* v. *Board of Police*, 6 Abb. Pr., 162; *Sharp* v. *Spier*, 4 Hill, 76; *Sharp* v. *Johnson*, id., 96; *Striker* v. *Kelly*, 7 id., 24; *Cruger* v. *Dougherty*, 43 N. Y., 107; *In the Matter of Douglass*, 46 id., 42; *Cruger* v. *Hudson R. R. R. Co.*, 12 id., 190; *Williams* v.

*Haines*, 49 id., 587 ; *Ireland* v. *City of Rochester*, 51 Barb., 414 ; 1 R. S., §§ 1, 2, chap. 4, part 1 ; *Rogers* v. *Spencer*, 55 N. Y., 1.) The want of notice, the failure to acquire jurisdiction, cannot be cured by subsequent legislation. (*Ireland* v. *City of Rochester*, 51 Barb., 414 ; *Matter of Beekman*, 1 Abb. [N. S.], 451 ; *Doughty* v. *Hope*, 3 Denio, 594 ; *Board of Water Commissioners* v. *Lansing*, 45 N. Y., 19 ; *McDaniel* v. *Correll*, 19 Ill., 226, 228 ; *Horn* v. *Baltimore*, 26 Md., 194.)

DAVIS, P. J. :

It is not at all clear that the proper publication was not made in the New York Leader, as required by the act of 1857. The ordinance and resolution as amended by the introduction of " the crosswalk provision," was adopted by the board of aldermen December 3d, 1868, and by the board of councilmen, on the 10th day of December, 1868. The petitioner showed that on the " preceding twenty-eighth of November, the ' proceedings of the board of aldermen of November 19th, 1868, crosswalk provision introduced,' " were published in that paper. It was doubtless under the amended resolution that the work was done and the assessment made ; and that fact was substantially proved by the petitioner, by the introduction of the proceedings of the board of aldermen, of December 3d, 1868, and the board of councilmen of December 10th, 1868. If the amended resolution was properly published under the law, it does not seem to be important whether the original resolution was so published or not; because it never became operative as an ordinance, having been merged in the amended resolution, and never having received the sanction of the mayor. The amended resolution was published more than two days before its adoption by either body. It was published on the twenty-eighth of November, and the first adoption was the third of December following. In *The Matter of Douglass*,* this court held it to be sufficient " if two days shall elapse between the publication of the notice and the passage of the resolution ; " and that " it is only necessary that two days after the publication of the notice shall intervene between the introduction of the resolution and its *final passage* by *both boards* of the common council."

*58 Barb., 174.

*The Matter of Douglass* was reversed by the Court of Appeals, but not on grounds affecting the point above referred to ; and in *The Matter of the Petition of Sarah E. Bassford*, this court adhered to the ruling above quoted, distinctly asserting that the reversal of the Douglass case had not decided the question. The opinion of INGRAHAM, P. J., in *The Matter of Bassford* was on appeal adopted by the Court of Appeals, and may be found reported (in note) with *Matter of the Petition of Bassford*. * In the opinion of ANDREWS, J., in the last cited case, it is said : " In an application to vacate an assessment under this act " (the act of 1857) " the *onus* of establishing the alleged fraud or irregularity is *upon the applicant.* The party availing himself of the summary remedy given by the statute of 1858, must make it ' appear ' that the alleged fraud or irregularity exists, before he is entitled to relief under it. * * * In the absence of proof that it did not do so " (that is, that the common council did not confirm the assessment) " *it cannot be assumed that the authority was not exercised.*" These salutary principles have been singularly obscured by subsequent decisions of the same tribunal. Yet, we venture to invoke them as establishing a presumption (if the proofs have not established the fact) that what was published in the Leader on the 28th of November, 1868, was what the law required ; and the twenty-eighth being more than two days before the final passage of the amended resolution by *either* of the boards, the requirements of the charter of 1857 were complied with sufficiently to uphold the assessment. But if this be not so, we are decidedly of opinion that the case is within the effect of the seventh section of chapter 580 of the Laws of 1872, whether that be completely curative or merely restrictive as to remedies. This case is not one of alleged fraud or *repavement.* It is shown that six newspapers were designated to publish the proceedings of the common council. The proof of non-publication relates to but one of them. It must be assumed, therefore, that the publications were properly made in the other five papers. The alleged irregularity consists in the omission to publish, regularly, in one out of six. The statute requiring the publication has been held to be mandatory, and the omission was therefore a fatal irregularity, which would lead to the setting aside of

* 50 N. Y., 509, 511.

the assessment, by the special proceeding authorized by the act of 1858. But by section 7 of chapter 580 of the Laws of 1872, it is provided that assessments shall not be vacated for this and like irregularities unless fraud be shown (except in cases of repavement). This act has been held to be constitutional; * and in the same case it was said by the learned chief judge, that "the remedy by petition, under the act of 1858, is preserved, but the grounds for vacating assessments are restricted to actual fraud. * * * It was competent for the legislature to repeal the act of 1858 as to vacating assessments, and of course to regulate and limit it as they deemed proper." † The language of the act of 1872, ‡ leaves no doubt but that a case of this kind was intended to be embraced. It provides that: "No assessment * * * for any local improvement or public work in said city * ·* * shall hereafter be vacated or set aside, for or by reason of *any omission to advertise*, or irregularity in advertising any ordinance, resolution, notice or other proceeding," etc. This language must operate to prevent or arrest legal proceedings under the act of 1858 to vacate or set aside such assessments; and in the absence of authority in the court to pronounce the judgment it does not seem to be very material whether the irregularity be one of commission or of omission, nor whether it rendered the assessment absolutely void or only voidable. The remedy is taken away; and the legislature have power to regulate and limit the remedy as they see fit. § But an assessment is a tax ; and in this case the assessment itself is regular in form, and presumably correct in all respects; but by reason of irregularity in the proceedings of the common council in ordering the work or improvement which has been made, and for the expense of which the assessment is imposed, it becomes illegal.

There seems to be no question, under the authorities, of the power of the legislature to interpose and make valid such an assessment. An act which in express terms should declare that it shall be

---

* Matter of Mayer, 50 N. Y., 504.    † 40 N. Y., 561.    ‡ Chap. 580, § 7.

§ See. 50 N. Y. ; 40 id., *ubi sup.;* People v. Mitchell, 35 id., 551; Lennon v. The Mayor, etc., 55 id., 361; Mann v. The City of Utica, 44 How. Pr., 334; Litchfield v. Vernon, 41 N. Y., 124; Matter of Van Antwerp, 1 N. Y. S. C. (T. & C.), 423, affirmed by Court of Appeals; Howell v. City of Buffalo, 37 N. Y., 267.

PEOPLE ex rel. WALKER v. SPECIAL SESSIONS.   441

First Department, May Term, 1875.

valid would be a constitutional exercise of the taxing power; and an act which takes away all legal remedies for vacating and setting aside such an assessment, ought to be held to have the same effect; although this point has not yet been determined by the court of last resort. *

The order of the Special Term should be reversed, with ten dollars costs besides disbursements, and the proceedings dismissed with costs.

Daniels and Brady, JJ., concurred.

Ordered accordingly.

* See opinion of Church, Ch. J., in The Matter of Van Antwerp; Lennon v. The Mayor, 55 N. Y., 361.