THE PEOPLE EX REL. LOUISA DOUAI WEHLE, APPELLANT,
v. WILLIAM C. CONNER AND OTHERS, RESPONDENTS.

*Sheriff's bond — action upon — when permitted — Statute — mandatory — permissive.*

The provision contained in section 3 of title 5, chapter 8, part 3 of the Revised
Statutes, that upon due proof of any default or misconduct of the sheriff in his
office "the court *shall* order" his official bond to be prosecuted, is not mandatory
but permissive, and the court will not allow such action to be brought unless
it believes it to be just and proper so to do.

Where, upon an appeal to the Court of Appeals from a judgment of the General
Term, affirming a judgment recovered against a sheriff for a failure to return
an execution within the time allowed by law, the sheriff gives the bond required
by the Code to stay all proceedings upon the judgment pending such appeal, the
court will not allow an action to be brought upon the official bond of the
sheriff until such appeal be decided.

APPEAL from an order vacating an order, allowing an action to be
brought upon the official bond of the sheriff of the city and county
of New York, for a failure to return an execution within the time
allowed by law.

*Charles Wehle*, for the appellant.

*H. W. Bookstaver*, for the respondents.

DANIELS, J.:

It appears by the papers before this court on the present appeal,
that the relator, as plaintiff, recovered two judgments in the
Superior Court of the city of New York, on which executions
were issued to the defendant William C. Conner, then and still the
sheriff of the county of New York. The sheriff neglected to
return the executions within the time prescribed by law. For such
default an action was commenced, and judgment recovered against
him for the amount due upon the executions. He appealed to the
General Term of the Superior Court, where the judgment was
affirmed; and he has since appealed to the Court of Appeals, giv-
ing upon that appeal the undertaking required to stay proceedings
for the collection of the judgments.

Upon these facts, leave to sue the sheriff's bond was denied; and that has been objected to as erroneous, because of the direction contained in the statute, that upon proof of his default, "the court shall order that such bond be prosecuted." But while the terms used in the statute are, in form, mandatory, it is evident, from the fact, that an action cannot be maintained without leave of the court; that they were not designed to be so construed and applied. If the party having a right to redress, of the description mentioned in the statute, had been intended to be invested with an absolute and unqualified right to sue the bond, no precedent application to the court for leave to do so would have been rendered necessary, as it has been. (3 R. S. [5th ed.], 779, §§ 1, 3.)

The object of requiring an application to be made for leave could have been nothing less than to require the court, before it should be given, to make such an investigation into the case alleged as would enable it to determine whether the suit would be just and proper. The power to give the leave implied the existence of authority to deny it. The proceeding provided for was evidently intended to protect the sheriff and his sureties against needless actions; and, at the same time, to allow all such suits upon the bond as should appear to be reasonably necessary.

By the judgment recovered in the action against the sheriff, a recovery has been had for the amount he has become liable to pay. And that has been so far secured, in the manner provided for by the Code of Procedure, as to stay the plaintiff's proceedings for its collection until after a decision shall be made upon the sheriff's liability by the Court of Appeals. By a suit upon the bond nothing more could, for the present, be accomplished. The unsettled point of actual liability would still be an open subject of litigation, following the same course as the suit against the sheriff alone. It would be unreasonable and oppressive to subject him and his sureties to another action, which would necessarily be attended with precisely the same result as the one now in course of prosecution. And it would violate the policy and spirit of another provision of the statute, in terms requiring the remedy to be exhausted against the sheriff before redress can be secured from his sureties. (3 R. S. [5th ed.], 781, § 15.) That can be as completely done in the action now pending as it could be by a suit

upon the bond itself. And as the plaintiff elected to pursue that remedy, it is no more than just that its final result shall now become known before leave is given to sue the bond. If the judgment shall be affirmed, the plaintiff will be very likely to secure satisfaction for her demand by means of the undertaking given upon the appeal — even if the sheriff shall prove to be, as it is alleged he is, insolvent. It has been urged that the sureties in that undertaking are not of sufficient ability to pay the judgment in case of its affirmance. But as they justified in the amount required to render the undertaking effectual as a stay, there seems to be no sufficient foundation for that suspicion.

The proceeding already instituted for the purpose of securing redress, and now before the court of last resort, furnished a very good reason for the denial of the application made to sue the bond.

Another suit for the same end cannot be necessary until a final decision shall be procured, settling the rights and liabilities of the parties upon the appeal now pending. It could not have been designed by the statute that needless litigation should be sanctioned and directed by the court. And that would surely be done by allowing the bond to be, at this time, made the subject of an action to collect the money, which it is probable will be secured in the suit so nearly terminated.

The terms of the statute, though in form mandatory, must have been intended to invest the court with power to be exercised only as it should be required to promote the obvious ends of justice; and that has not infrequently been held to be the case.

Where similar language has been used by the legislature, the word " may" has often been held to be the equivalent of " must" or " shall," according to the subject-matter affected by the statute. And the word " shall" has also been so far restrained as to result in the creation of simply a discretionary authority. (*Malcom* v. *Rogers*, 5 Cow., 188; *Matter of Douglass*, 58 Barb., 174; *In re N. Y. Prot. Epis. Public Schools*, 47 N. Y., 556; *Willetts* v. *Ridgway*, 9 Ind., 367; *Wheeler* v. *City of Chicago*, 24 Ill., 105.) And by subjecting the application to the action of the court, it must have been intended that the term should be understood as controlled by a like restraint, as it has been used in the statute now before the court.

It has been further urged, in support of the appeal, that the statute declaring that for any violation of the provision directing that the sheriff should execute and return process delivered to him etc., according to the command thereof, he shall be liable to an action at the suit of the aggrieved party, in addition to any other fine, punishment or proceeding authorized by law, requires the application made to be successful. (3 R. S. [5th ed.], 739, § 98.) But there is clearly nothing in this provision which would render the sheriff liable to the different proceedings mentioned at the same time. They may all be prosecuted until satisfaction shall be finally successively secured. But in the exercise of the equitable authority of courts of justice, they should not all be allowed to be carried on at the same time when it is highly probable, as it appears to be in this case, that the one first instituted will result in satisfying the entire demand of the party entitled to redress.

The order appealed from should be affirmed, with ten dollars costs and the disbursements on the appeal.

Davis, P. J., and Brady, J., concurred.

Order affirmed, with ten dollars costs and disbursements.