(25 Civ. Proc. R. 342; 17 Misc. Rep. 365.)

## LAZARUS et al. v. LUDWIG.

(Supreme Court, Appellate Term, First Department. June 9, 1896.)

APPEAL FROM JUSTICE COURT—RETURN—TIME TO FILE.
 Code Civ. Proc. § 3053, providing that a justice must, after 10 and within 30 days from the service of the notice of appeal from his decision, make his return to the appellate court, does not forbid him to make his return within 10 days.

Action by Sarah Lazarus and others against Bernhard J. Ludwig. Respondent moves to strike the cause from the calendar. Denied.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Wm. Strauss, for the motion.

N. S. Spencer, opposed.

PER CURIAM. Section 3053 of the Code provides that the justice must, after 10 and within 30 days from the service of the notice of appeal and the payment of the costs and fees, make his return to the appellate court. The return herein having been made within 10 days from the service of the notice of appeal, the respondent claims it was prematurely filed, for the appellant was thus enabled to get the cause on the calendar for hearing at the May term, whereas, if the justice had filed his return after the 10 days, the cause could not have been so placed upon the calendar. We find nothing in the statute which prevents the justice from filing his return as soon after the service of the notice of appeal upon him as he desires. He is under no obligation to do so, for the statute does not require him to file the same within 10 days; but it is not to be implied from this that he is forbidden to do it. The claim has never been made that a return filed after the 30 days deprives the court of the right of hearing the appeal, or subjects either party to any penalty other than that of inconvenience caused by the delay. Delays in the administration of justice are not to be encouraged; and, as the justice is bound to make a return, we see no reason why he may not make it as soon as he pleases, provided he offends no statute, and none has been infringed in this instance. "In general, it may be laid down as a rule that, when a statute directs certain proceedings to be done in a certain way or at a certain time, and the form or period does not appear essential to the judicial mind, the law will be regarded as directory, and the proceedings under it will be held valid, though the command of the statute as to form and time has not been strictly obeyed; the time and manner not being of the essence of the thing required to be done." Potter, Dwar. St. p. 226, citing numerous illustrations.

The court of appeals applied the rule in Re New York Protestant Episcopal Public School, 47 N. Y., at page 561, reiterating the language of Lord Mansfield in Rex v. Loxdale, 1 Burrows, 447:

"There is a known distinction between circumstances which are of the essence of a thing required to be done by an act of parliament and clauses merely directory. The precise time in many cases is not of the essence."

Statutes are directory where they relate to some immaterial matter, where a compliance is matter of convenience rather than of substance. People v. Schermerhorn, 19 Barb. 558.

As to the application of the principle to courts of inferior jurisdiction, the court of appeals (In re Empire City Bank, 18 N. Y., at page 220) has said: -

"But if the proceedings should be regarded as not taking place in a court of general jurisdiction, but should be assimilated to a special proceeding before an inferior magistrate, 'we still think the time fixed for the performance of intermediate steps, after jurisdiction had been once acquired, should be regarded as directory merely, and that an omission to perform one 'or more of them in time would not render the whole proceeding abortive."

There is nothing in Moench v. Yung (Com. Pl.) 9 N. Y. Supp. 637, or Zoller v. Smith, 45 Hun, 319, which conflicts with these views. It follows that the motion must be denied.